By the Court. Woodruff, J.
This is an appeal from a judgment, and yet-the points submitted by counsel for the appellant on the argument, relate chiefly to the evidence, and the facts which he conceives were established thereby, and tend to show that the verdict is against the weight of the evidence.
*564 That question does not properly arise upon an appeal from a judgment on the verdict. By section 348 of the Code, an appeal upon the law only lies from a judgment entered at Special Term, unless the trial be had before the court or referees. When the trial is by a jury, their finding can only be reviewed by a motion for a new trial, under section 349, and if the moving party, having made such a motion at Special Term, is not satisfied with the decision there made, he should appeal from the order denying such new trial. An appeal from the judgment does not bring such an order under review, except so far as the consideration of the questions of law raised at the trial, and the appellant’s exceptions there taken may have that effect. So far as the facts are involved, the finding of the jury must, upon such an appeal be taken as conclusive and final.
The appellant in this case was, therefore, in error, in supposing that his appeal brought before the General Term the broad question whether a new trial ought to be granted.
It may, however, be satisfactory to the parties to say, that wc have looked into the evidence, and are satisfied that the verdict ought not to have been set aside as against evidence, and that, in this respect, the order denying a new trial was right, and so we should feel constrained to say if an appeal from that order had been regularly before us.
The questions were whether the plaintiff was in the rightful possession of the saloon from which he was forcibly ejected or excluded by the defendant, and whether he had a right to continue in such possession; whether the defendant, on entering and excluding him from the saloon, took and detained the plaintiff's property against his will, and what damages did the plaintiff sustain by reason of such entry, exclusion, and detention.
There was evidence that Steinfret the assignor of the plaintiff, under color of a hiring from Willard, the lessee of the theatre, entered into possession of the saloon, stocked it with liquors, furniture, materials for refreshments, &c., and kept it for about two months. That defendant was there frequently during that time; inquired about the business; expressed the opinion that the occupant would do better by and by, when every thing was finished; recommended him to fit up the saloon somewhat more attractively; inquired into the amount of rent he paid; and, by his acts and *565 conversation, warranted the belief that he orally at least assented to Steinfret’s occupation, and to his payment of rent to Willard, which Steinfret testifies he did pay. At about the end of two months Steinfret sold out to the plaintiff; he took possession and occupied, without objection, for a month or upwards; the defendant was also there, and knew of the plaintiff’s occupation, and apparently acquiesced; inquired also of him how business was, and promised to have some repairs done, which the plaintiff required for uses connected with the saloon.
Doubtless there is evidence in conflict with this testimony, and tending to show that the defendant had not let the saloon to Willard with the theatre; but the jury were warranted in finding that this was such an acquiescence in the hiring by the plaintiff, or his assignor, as would entitle him to occupy till the first of May then next, or at least such as would have made the plaintiff a tenant at will or by sufferance, (1 Rev. Stat. 744, § 1 and § 7,) and, in either case, the defendant could not terminate the tenancy by a forcible expulsion of the plaintiff from the premises; still less did it justify the defendant in closing the entrance to the saloon with masonry, and refusing to suffer the plaintiff to remove his property therefrom, which there was evidence tending to show, and which we think proved, the defendant did.
This view of the subject also disposes of the exception taken to the refusal of the Judge to order a nonsuit, for although the defendant, more than a month afterwards, notified the plaintiff-to remove his goods, this, if it had any proper effect upon the plaintiff’s rights, which I doubt, after the defendant’s previous refusal, could only affect the amount of damages and not the right of action. '
The only other exception taken to the rulings of the court on the trial, relates to the admission of evidence of the extent of the plaintiff’s business; the amount of business done, and what proportion of the receipts were profits.
The plaintiff was engaged in keeping a restaurant or refreshment saloon. The defendant forcibly bricked up the entrance and broke up the business. For this the plaintiff was entitled at least to a full indemnity. The good-will of that business was wholly destroyed. Now it was certainly competent to prove, in some manner, the nature and extent of the injury, and the value of the *566 business was a proper subject of estimate by the jury. It may be that a calculation of possible or probable profits, in view of the ordinary uncertainties of business, would not be allowable. If the question objected to seemed to call for such a calculation, it was not so answered; all that was testified was, that the “plaintiff did a pretty large businessthat “the business was good and profitable,” and that “ one-half the receipts were clear profit.”
This general testimony to the value of the business, though not specific enough to form a very clear guide to the value of the good-will, unless followed by other proof, was, in its nature, competent. In judging of the extent of the injury, the plaintiff had a right to place the jury, as nearly as possible, in a situation to know all the facts and circumstances attending the transaction, and the condition in which he was before the injury, and the effect of that injury, as fully as if they had been actually cognizant of these facts and circumstances as they transpired.
The judgment must be affirmed, with costs.