## ROBERTS *a.* MATHEWS.

*New York Common Pleas ; Special Term, October,* 1864.

### INJUNCTION.

Injunctions are not to be granted except with great caution, and in cases where the right and the necessity are clear.

An injunction against dispossessing a tenant should not be granted after a warrant of dispossession has been executed.

In an action of an equitable nature, to recover possession of the premises, the court will not enjoin the defendants from setting up the proceedings under which they dispossessed the plaintiff, as a defence in another action for damages brought by the same plaintiff against them on the ground that such proceedings were without jurisdiction.

Motion to dissolve a preliminary injunction.

CARDOZO, J.—In Fredericks *a.* Mayer (1 *Bos. S. C. R.*, 227), Judge Woodruff (see p. 232) very justly and accurately says: "The frequency of applications for injunctions, *pendent elite,* and I may add, the facility with which they are obtained, may properly induce us to recur to some familiar rules which ought to govern the court in the exercise of its summary and, in a degree, arbitrary power; it should be guarded by a most cautious discretion, forbidding its exercise when it will operate oppressively, or work immediate injury, or where the right of the plaintiff is doubtful, or the facts are not clearly ascertained.

"It has been well said, that 'there is no power, the exercise of which is more delicate, which requires greater caution, deliberation and sound discretion, or is more dangerous in a doubtful case, than the issuing of an injunction. It is the strong arm of equity, which ought never to be extended unless to cases of great injury, where courts of law cannot afford an adequate or commensurate remedy in damages. The right must be clear, and it will not be awarded in doubtful cases, nor in new ones not coming within well-established principles.'" (Mr. Justice Baldwin, 1 *Bald. C. Ct. R.*, 218; 2 *Story, Eq. Jur.*, § 959, b;

see also Redfield a. Middleton, 7 *Bosw.*, 649 ; Gurnee a. Odell, 13 *Abbotts' Pr. Rep.*, 267.)

There is another rule, quite familiar and perfectly settled, viz., that where the whole equity of the bill is fully met and denied, the injunction must fall.   It is superfluous to cite authorities to this point.   If the matter in the present instance rested exclusively on the complaint and answers, it is perfectly clear that, under the rule last mentioned, the injunction would have to be dissolved.   Is the case altered by the various affidavits on either side ?   I shall not stop to review them here, but shall only say that, after very careful consideration of them, I think the remarks of Judge Woodruff, in Duigan a. Hogan (1 *Bosw.*, 652), that " all that results from the addition of the affidavits to the bill and answer respectively is that the witnesses differ in their statements as widely as the parties themselves," would be apposite here.

It seems to me that when the rules laid down in the authorities I have quoted are applied to this case, there can be no doubt that the preliminary injunction should not be retained.

The equities of the bill are fully met and denied, and the conflicting affidavits do not enable me to say that the plaintiff's case is clear and beyond doubt.   Nor can I see that the plaintiff will suffer irreparable damage, or that a court of law has not power to give him full compensation, and it is not pretended but that the defendant Mathews is abundantly responsible.

If the plaintiff has been improperly evicted, he can sue at law and recover ample satisfaction for the injury to his business as well as the loss of his time.   (Marquart a. La Farge, 5 *Duer*, 559.)

On the other hand, the defendant Mathews, who claims to have acted in good faith throughout the whole proceedings, has partly erected a large and costly building, which is now in such a condition that, to say the least, it would be a great hardship on him (if the action should result in his favor) if he should be prohibited from completing it.   In other words, the injunction would " operate oppressively" on Mr. Mathews, and is unnecessary for the full indemnification of Mr. Roberts.

Again, I have very carefully examined every reported case in this State, to which my attention has been directed, in which

a court of equity has ever restrained, even temporarily, a landlord from dispossessing his tenant, and, as I suggested on the argument, in every instance the injunction issued before the landlord had actually acquired possession of the premises— sometimes not before the warrant to dispossess had been granted, but always before it had been executed. But in this case the defendant was actually in possession of the premises before the injunction was issued. I think an injunction ought not to go to command the defendant not do that which is already done and completed.

What am I to restrain? Not the dispossessing of Roberts, for the answer of the defendants would be manifest and conclusive, " We don't intend, or seek to dispossess him, he is already out, and we are in." Am I, then, to command the defendants to vacate the premises and restore the possession to Roberts? Surely such a thing should only be done when the action has resulted in his favor. But, if it were ever proper to do so on a preliminary motion, and that in a case in which the statements of the parties and their witnesses are greatly in conflict, I do not think that an injunction is the right method of accomplishing such an object.

But, however this may be, I think it perfectly clear that I ought—following the authorities I have cited, and a great many more that might be quoted—to say, that this case is so doubtful on the papers, and the injury to the plaintiff so capable of recompense in damages, and the hardship to the defendant Mathews so great, that I ought not, on a preliminary motion, to adjudge the action against the defendants, and grant that relief, which a temporary injunction in effect works, to which the plaintiff has not an absolute right until final judgment in his favor in the action.

This disposes of the injunction, except so far as it restrains the defendants from setting up the judgment and proceedings before Justice Quinn, in their answers in the suit for damages ; and some of the remarks which I have made apply to that branch of the injunction also.

I only design to add, that I should hesitate very long to adjudicate, on a mere motion, and especially when the papers are conflicting, that those proceedings are so clearly without jurisdiction, or fraudulent, as to afford no protection to the defend-

ants; and unless I do that, I do not see how I can properly prevent their being pleaded. Nor will any inconvenience be sustained by the plaintiff. Because, as the validity of those proceedings will be presented in both suits, the decision on that point, whichever action is tried first, will be conclusive in the other.

If the plaintiff thinks that he can better avail himself of objections to those proceedings in the equity case than in the suit for damages, he should apply to the court to stay the suit at law until the trial of this case. While he prosecutes both actions, I ought not, under the circumstances, if he exacts an answer in the suit at law before final judgment in this case, to prevent the defendants from pleading proceedings which they insist are legal and rightful in every respect. It certainly can only be in the clearest case that a court should ever undertake to forbid a defendant from availing himself of a defence.

If these views are correct, I need hardly say that they apply with greater force against the application to enjoin the defendants from availing themselves of the dispossessing proceedings as a defence to the criminal charge pending before Recorder Hoffman.

The motion to dissolve the injunction must be granted, with $10 costs to the defendants, to abide the event of the action.