By the Court.—Sedgwick, J.
There was no motion to dismiss the complaint, on the ground that the testimony did not prove any cause of action, nor was there any request that the judge direct the jury to find for the defendant on the whole case, nor was there any motion for a new trial upon a case. A motion for new trial was madb upon the minutes. It specified no ground, and the order denying it was not appealed from. We are, therefore, confined to an examination of the exceptions taken by the defendant.
The plaintiff, as witness for himself, was asked: “ Tell us, in round numbers, about how much you ex *524 pended in fitting np and furnishing these apartments V’ The ground of objection was stated, that under the agreement there is nothing requiring the plaintiff to furnish any" particular amount. If the agreement called upon the plaintiff, as it clearly did, to furnish the rooms for a restaurant, he had the right to prove the facts connected with the furnishing, and was not shut off from this proof, because the agreement did not ‘specify any particular sum he should expend. The cost of the articles was some evidence of the fitness of the furniture for the kind of restaurant that the agreement meant. The witness was also allowed to state the money he lost upon a sale of the furniture after the auction. This was objected to as incompetent on the question of damages. It may, perhaps, be that this testimony was not material in the case. It is evin dent, that, under the subsequent charge of the judge, that the jury must not include in the damage this loss, the proof could not have injured the defendant. There are often instances, when incompetent testimony may have the' effect of so prepossessing the minds of jurors, that they will not be able to follow a direction of the judge to disregard it. The sáfe rule, therefore, is that all improper testimony is deemed ‘to do injury until the contrary clearly appears. Here, however, • the answer given stated facts, which, if not testified to, the jury would know, from an experience common to all, must have existed,. when the furniture was sold after it was used.
There was an objection to the witness stating the value of what was called the lease. The ground was. that the witness was not an expert, and the proposed testimony was otherwise incompetent. The answer given was apparently an opinion of the witness, and he had not been proved to be qualified to express an opin-N ion. Another answer was given in immediate connection with the first, and the two, which should be taken *525 together, show that the sum the witness named was the result of a calculation from the profits he had made before the alleged wrong. He said in the last answer : “ My profit was thirty per cent, at the time I made $3,000 a month ; that is the way I based my $15,000.” As to the plaintiff’s right (under the agreement, in substance, that he should have the profits of keeping a restaurant for the tenants of the house) to show what the profits had been before the eviction, there can hardly be a doubt. The damages for breaking up unlawfully a profitable business would be greater than for breaking up a business that had .had no profit. The judge, by the charge, protected the defendant against a verdict for subsequent profits, in a way that she cannot complain of (Bagley v. Smith, 10 N. Y. 489 ; Marquart v. La Farge, 5 Duer, 559). The judge directed the jury explicitly not to give damages for any causes, specifying them, excepting the breaking up of plaintiff’s business. He said,' among things on this point: “ Other items of damage are claimed, but you must discard them all, except the damage which necessarily flows from the breaking up of plaintiff’s business, before the time had arrived at which the defendant had a right to insist upon a discontinuance.”
The court properly excluded the question, “Did you hear any other person making complaint to him (the head waiter) at any time.” The answer would have been hearsay.
At the end of the testimony, the defendant’s counsel moved to dismiss as to the plaintiff Lena S. Menard. This was properly denied. She was jointly interested in the agreement. The counsel also moved for a dismissal of the complaint generally, on the ground that no damages recoverable in this action had been proved. If the proof as to loss of the business and other like proof were disregarded, clearly the plaintiff had shown *526 some damage, if he were unlawfully evicted, as to which no question was addressed to the court on the trial.
There was a request by defendant’s counsel to charge that the agreement was personal between the plaintiffs and defendants, one which called from them personal services^ and was not a lease in any such sense as that it could be sold, or that Mrs. Stevens was obliged to accept anybody who may have been api pointed by Mr. Menard. If this be accurate, in all respects, the defendant was not injured by the court refusing to give to the jury a description which had no practical value in the case,- and referred to matters not in issue before the jury. Whether it was a personal agreement or was a lease that could not have been sold, and whether Mrs. Stevens was obliged to accept some one named by Mr. Menard, did not affect the issue as to the wrong complained of.
The charge, that the jury in estimating the damage should consider the- nature and character of the business which the plaintiffs had conducted, seems, as has been already said, to be correct.
The testimony, as given in the case, justified the court in telling the jury that the evidence as to the fact of thirty days’ notice having been given was either conflicting or not clear.
I do not perceive any reason for not sustaining the charge, that if the plaintiff complied with every undertaking in the agreement, the damages might be for the whole unexpired term. The defendant had the right to cancel the agreement by thirty days’ notice only in case the plaintiff failed in his performance. If he did not fail, and this was left to the jury, his interest was for more than thirty days, and was in the full time the agreement might last.
The judgment appealed from should be affirmed, with costs.
Curtis, Ch. J., concurred.