(11 Misc. Rep. 561.)

## WOLFF v. HYASS.

(Superior Court of New York City, General Term. March 4, 1895.)

DAMAGES—LOSS OF PROFITS.

> In an action by a lessee for breach of covenant for quiet enjoyment, he cannot recover for loss of profits of the business interrupted by such breach of covenant, where the only evidence is that he could produce a certain quantity of goods per day, on which the profit was a certain amount, without showing that plaintiff had a market for the goods so manufactured by him.

Appeal from jury term.

Action by Frank Wolff against Charles Hyass. Judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Affirmed on condition.

The causes of action alleged in the complaint are as follows:

(1) That plaintiff, a manufacturer of grit or groat grain, leased from defendant the building known as number 511 East Eighteenth street, New York, for a term of five years and three months, commencing February 1, 1892, at a rental of $550 per year, payable monthly in advance. That plaintiff entered into possession of said premises, and expended moneys to the amount of $540 in placing machinery and appliances therein, and purchased a large quantity of goods to be manufactured. That by said lease defendant agreed to furnish plaintiff with three to four horse power steam, and that the lease contained the usual covenant for quiet enjoyment. That plaintiff paid rent for said premises for the months of February, March, April, and May, 1892, aggregating $183.36. That defendant failed to furnish the horse-power steam, so that plaintiff was compelled to cease work, to his damage. (2) That, in violation of the covenant for quiet enjoyment, defendant entered the premises, removed parts of certain walls, built another wall, obstructing light and air, caused noises by hammering and pounding, thus interfering with and causing plaintiff to stop work, and caused dust and mortar and rain to fall upon his goods, spoiling them, and injuring the machinery. This unlawful entry and acts are alleged to have occurred April 4, 1892. (3) That on April 9, 1892, there was a substantial repetition of the acts alleged in the second cause of action, which amounted to the eviction of plaintiff, by which plaintiff's machinery was injured to the amount of $300; and he was

compelled to expend $95 in removing from said premises, and resetting and repairing, the machinery. That he lost 50 days' work and custom, by which he sustained loss to the amount of $1,250. The aggregate amount for which judgment was demanded, being made up of the foregoing items, amounts to $2,368.36.

Argued before SEDGWICK, C. J., and McADAM and BEEK-MAN, JJ.

Eugene Van Schaick, for appellant.
Charles I. Schampain, for respondent.

BEEKMAN, J.    The defendant leased certain premises in the city of New York to the plaintiff for a term of years, it being specified in the lease that they were to be used as a "grit or groat mill." The plaintiff entered into possession of the property, fitted it up with machinery and other appliances essential to the transaction of his business, and provided himself with some 800 bushels of buckwheat, out of which the product of his manufacture was made.    Shortly after he commenced business operations, the defendant entered upon the premises with his workmen, and proceeded to construct an additional story upon the building so occupied by the plaintiff.    In the course of the work, holes were driven in the roof, through which the dust, debris, and rain passed, damaging the buckwheat and seriously injuring the machinery, and interfering with the conduct of the business.    The defendant claimed that he had the consent of the plaintiff for his entry upon the demised premises for the purpose above mentioned.    This was denied, and a fair issue was thus presented to the jury, who, by their verdict in favor of the plaintiff, have characterized the entry of the defendant as unlawful.    The grievances of the plaintiff were stated in his complaint in the form of three causes of action, one of which was for damages resulting from the failure of the defendant to supply him with adequate steam power according to a stipulation in that regard contained in the lease.    This it is unnecessary to consider, as that question seems to have been excluded from the consideration of the jury by the trial judge.    The other two causes of action embody statements of unlawful entry upon the property, one on the 4th day of April, 1892, and the other on the 9th day of April, 1892, and the commission, on each occasion, of acts of the description above mentioned, resulting in damage to the plaintiff's goods, machinery, and business.    Considerable evidence was given on both sides bearing upon the question of damage to the stock and machinery, upon which it is not necessary to comment, as we do not think there was any error in the submission of that branch of the claim to the jury.    The plaintiff was entitled to recover for such injuries, and there was evidence in the case justifying the jury in awarding a substantial sum therefor.    In addition to these items, the trial judge submitted to the jury another element of damage, under a charge that if, by reason of the injury to the machinery from the water and debris of various kinds proceeding from the unlawful acts of the defendant, the plaintiff was prevented from carrying on his work as he might otherwise have done, such damage as he sustained of that character which the

evidence established with certainty and to their satisfaction by a fair preponderance might be awarded by them. To this charge the defendant duly excepted. The verdict of the jury was for the sum of $1,500. The defendant's counsel thereupon moved for a new trial on the judge's minutes on all the grounds specified in section 999 of the Code of Civil Procedure, which motion was denied, and the case now comes before us on appeal from the judgment and the order denying the above motion.

We do not think that there was any evidence in the case upon which the jury could determine the amount of damage to plaintiff from the interruption of his business, and that the exception to the charge of the trial judge on this point was well taken. Before the trial, a bill of particulars was furnished by the plaintiff, stating the items of his claim for damage. Among others, not material to the discussion, it contained the following:

"Prevented from operating and working in said building for the space of fifty days, caused by the acts of the defendant in interfering with the premises No. 511 East 18th street, and cutting off the use of the steam, including outlays and profits during said term, $1,250."

The claim was therefore really for loss of profits, and the only evidence in the case bearing upon this item of loss, or in any way concerning the pecuniary damage for interference with plaintiff's business, was given by the plaintiff, who testified that if the steam power was right he could grind from 125 to 150 bushels a day, and that his profit on the product was from 25 to 30 cents a bushel. It is to be noticed that the court substantially withdrew from the consideration of the jury any question of damage resulting from the failure to supply steam power, and the jury was invited to estimate the damage from inability to operate the business solely as the resultant of the unlawful acts of the defendant in connection with the trespass. The element of profit testified to by the plaintiff was entirely too speculative and uncertain to justify any award on that ground. Loss of profits consequent upon a tort, as well as a breach of contract, are allowed, provided they are such as might naturally be expected to follow from the wrongful act, and are certain both in their nature and in respect to the cause from which they proceed. Schile v. Brokhahus, 80 N. Y. 614–620; Griffin v. Colver, 16 N. Y. 489; Marquart v. La Farge, 5 Duer, 559. There was no such certainty in the case at bar. There was nothing in the proofs showing or tending to show that the defendant had any appreciable custom, or that he would have had any market for the 150 bushels of grain which he stated to be the grinding capacity of his mill per day, or that there was any reasonable probability that he would have been able to earn any such profit from his business, or that he had ever made any profit from his business at that place or elsewhere prior to the acts complained of. Under these circumstances, there was nothing before the jury from which they could, within the rules, intelligently determine and award any sum for loss of profits or other injury resulting from the interruption of the plaintiff's business. The bill of particulars furnished by the plaintiff imposed upon him a limit of recovery for all damages submitted to the consideration of

the jury other than those claimed under the item for loss of profits. That limit is the sum of $742.50.    The excess of the verdict over this sum may be taken to represent the conjectures of the jury in respect to damage from interruption of business, and the measure of the influence upon them of the erroneous charge.    Under these circumstances, we think that the case is one in which the court may properly afford to the plaintiff the opportunity for consenting to a reduction of the verdict.    Vail v. Reynolds, 118 N. Y. 297, 23 N. E. 301.    The plaintiff may within 20 days stipulate to reduce the judgment in the sum of $757.50, and, if such stipulation is filed, the judgment so reduced will be affirmed, with costs; but, if not filed, the judgment should be reversed, and a new trial granted, with costs. All concur.