GARDNER *vs.* HEARTT. '

It is a general principle of the common law that the owner of premises is bound so to control the use of them as not to produce injury to others. And if he permits another to place such premises in such a situation as to cause an injury, he will be answerable.

But this maxim is to be so limited, in its application, as not to restrain the owner of property from a prudent and reasonable exercise of his right of dominion.

If, in such an exercise of his right, by the owner, another sustains damage, it is *damnum absque injuria.*

To sustain an action of trespass on the case for an alleged injury to real property, brought against a party making no claim to any interest in such property, it is not necessary for the plaintiff to make the same proof of his title to the land, alleged to have been injured, as would be necessary, to maintain ejectment.

If, in such a case, the plaintiff is in possession, such possession is available to him, as evidence of ownership, to the same extent as in the action of ejectment, the defendant's possession puts the plaintiff to the proof of his *jus possessionis.*

And if the plaintiff proves himself in the actual possession of the land alleged to have been injured, such proof will be sufficient to support the action against a mere

stranger, or wrong-doer, who makes no claim either to title, or the right of possession.

When the property is in the actual possession of no one, the *constructive* possession is in the general owner; and he may sue for an injury to the property as for an injury to his own actual possession. And the deed conveying the land to the plaintiff, in fee, is *prima facie* sufficient evidence of ownership, as against a person making no claim, either to the title, or the right of possession.

In an action on the case for an injury to real estate, caused by the undermining of a hill on the defendant's premises, by which a *slide* occurred, covering the plaintiff's land, it is not necessary for the plaintiff to show actual negligence on the part of the defendant himself. It is enough to show that the defendant permitted another person to remove the earth from his premises, and that this was done in a negligent manner.

THIS was an action on the case, tried before PARKER, Cir. J., at the Rensselaer circuit, in April, 1847. The cause had once before been tried before WILLARD, Cir. J., and a new trial granted. For a statement of the pleadings and a report of the case as then presented, with the opinion of the court, see 1 *Denio*, 466.

Upon the last trial the plaintiff offered in evidence a contract between the defendant and several other persons, owners of certain vacant lots in the city of Troy, of the one part, and one Downing of the other part, dated the 19th day of February, 1842, by which Downing agreed with the owners of the lots, to fill them up; also an assignment of this contract by Downing to one Henry, dated the 28th day of November, 1842. This evidence was objected to by the defendant's counsel, on the ground that the contract gave Downing no right to dig in or take earth from the hill called Mount Ida. The objection was overruled, and the evidence received. The plaintiff then proved that two lots near Mount Ida had been conveyed to him in fee in 1829. He also proved that the defendant was the owner of Mount Ida, and that in February, 1843, a slide of earth from the hill covered the plaintiff's lots to a great depth, and that the slide was caused by the taking of the earth by men in the employ of Henry, in the performance of his contract. Evidence was also offered tending to show that the earth was removed from the hill in an improper manner. The plaintiff offered to prove that the owner of a lot adjoining those of the plaintiff wrote a letter to the defendant, in February, 1842, requesting

Gardner *v.* Heartt.

him to desist from digging in the hill. The evidence was objected to, but received by the circuit judge. It was proved that, in reply to the request made in the letter, the defendant said the hill belonged to him and he would dig as much as he pleased.

The plaintiff having rested, the defendant's counsel moved for a nonsuit, upon the ground that the plaintiff had not shown sufficient title to the lots claimed to have been injured, and secondly, on the ground that no negligence on the part of the defendant had been proved. The motion for a nonsuit was denied, and the defendant's counsel excepted.

The defendant then gave in evidence a contract dated the 25th day of September, 1834, between the plaintiff and defendant and three other persons, in relation to the purchase of a tract of land in the city of Troy, called the meadow, in which the defendant granted to the other parties to the contract the right and license, irrevocable, to take earth from the hill to fill the whole meadow. On the 6th of February, 1836, the plaintiff conveyed his interest in the meadow to the defendant, who made the purchase as the agent of one Mallory. The conveyance was made subject to the contract of the 25th of September, 1834. The defendant's counsel offered to prove that the plaintiff's title to the lots was subject to the payment of a perpetual annual rent of $25,50. The evidence was objected to, and excluded. The circuit judge charged the jury that if the digging, which caused the slide, was done by the direction, or the permission of the defendant, and was negligently done, and the plaintiff had sustained an injury by reason of the slide, the defendant was liable, to the extent of such injury ; unless the plaintiff directly or indirectly procured the digging to be done. That if the digging was a mere trespass, or if the defendant had not permitted it to be done negligently, the defendant was not liable. That if the plaintiff had parted with his interest in the meadow, before the digging which caused the slide, he could not be held responsible for the consequences of the digging. The defendant's counsel excepted to the charge, and now moved for a new trial, upon a bill of exceptions.

*J. Pierson & M. T. Reynolds*, for the defendant.

*D. L. Seymour & J. A. Spencer*, for the plaintiff.

*By the Court*, HARRIS, J. The maxim that a man must so make use of his own property as not to injure his neighbor, is undoubtedly to be so limited in its application as not to restrain the owner of property from a prudent and reasonable exercise of his right of dominion. If, in such an exercise of his right, another sustains damage, it is *damnum absque injuria*. It was therefore a proper question to be submitted to the jury in this case, whether the digging which caused the slide was done with a cautious regard to the rights of others, or whether he who removed the earth, whoever he might be, was chargeable with negligence in the manner in which it was done. In this respect no complaint is made of the charge of the circuit judge. If it is made to appear that the injury was the consequence of the negligent manner in which the digging was conducted, then, as it was not done by the defendant himself, the next important inquiry is whether the defendant was so connected with the digging as to make him answerable for the damages. Upon this point, also, I think the charge was unobjectionable. The circuit judge held that the defendant was liable if the digging had been done by his direction or permission. It is a general principle of the common law, that the owner of premises is bound so to control the use of them as not to produce injury to others ; and if he permits another to place his premises in such a situation as to cause an injury, he will be answerable. This principle is clearly sustained and illustrated by Chancellor Walworth in delivering the opinion of the court for the correction of errors, in the case of *The Mayor, &c. of New-York* v. *Bailey*, (2 *Denio*, 445,) in which he cites with approbabtion the remark of Rooke, justice, in the case of *Bush* v. *Steinman*, (1 *Bos. & Pull.* 404,) that it shall be intended by the court that the owner has control over those who work upon his premises; and he shall not be allowed to discharge himself from that intendment of law by any act or con-

tract of his own. If this principle be admitted, the defendant certainly has no right to complain of the charge of the circuit judge in this respect; for he expressly instructed the jury that the defendant was not liable if the act of removing the earth which caused the slide was a trespass, or if the defendant had not permitted it to be done. In this view of the case it became necessary for the plaintiff, before he could recover, to show, in addition to the defendant's ownership and the negligent manner in which the earth was removed, the fact that the digging was permitted by the defendant. For the purpose of establishing this fact, the plaintiff offered in evidence the contract with Downing for filling in the lots belonging to the defendant and his associate. The evidence was, I think, admissible. Though slight in its character, still the existence of the contract, showing that the defendant had an interest in the work in which Henry, the assignee of the contract, was engaged, was a circumstance which might properly be considered in determining the question whether in fact the digging was going on with the defendant's assent. For the same reason I think it was proper to allow the Day letter to be given in evidence. That letter proved at least the defendant's knowledge of the digging; and, when taken in connexion with his reply, furnished some evidence, which the plaintiff had a right to have submitted to the jury, to show that the digging was permitted and approved of, by the defendant.

Nor do I think the circuit judge erred in refusing to nonsuit the plaintiff. It is insisted by the defendant's counsel that to sustain this action, it was necessary for the plaintiff to make the same proof of his title to the lots, alleged to have been injured, as would be necessary to maintain ejectment. I do not so understand the rule of evidence applicable to such a case. In ejectment the question to be tried is whether the party claiming possession, or he who is alleged to withhold possession unlawfully, is really entitled to the possession. The plaintiff is bound to show the defendant in possession; and possession is always *prima facie* evidence of title. In such a case it is necessary that the plaintiff should overcome the presumption

against his title arising from the adverse possession of the defendant. But not so, in an action founded on an alleged injury to real property, brought against a party making no claim to any interest in such property. There, if the plaintiff is in possession, such possession is available to him as evidence of ownership, to the same extent, as in the action of ejectment the defendant's possession puts the plaintiff to the proof of his *jus possessionis*. There can be no doubt but that if the plaintiff in this case had proved himself in the actual possession of the lots alleged to have been injured, such proof would have been sufficient to support the action against a mere stranger or wrong-doer, who makes no claim either to title or the right of possession. But when, as in this case, the property is in the actual custody of no one, the *constructive* possession is in the general owner, and he may sue for an injury to the property as for an injury to his own actual possession. And, as against the defendant, I think the deed conveying the lots to the plaintiff in fee, was, *prima facie*, sufficient evidence of ownership.

The other ground upon which the motion for a nonsuit was founded has already been sufficiently noticed. It was not necessary for the plaintiff to show actual negligence on the part of the defendant himself. It was enough to show that he permitted Henry to remove the earth from his premises, and that this was done in a negligent manner. This was a question for the jury, and was properly submitted to them. The evidence to show that the lots were subject to an annual rent was clearly inadmissible. If such an incumbrance existed, the plaintiff was liable for the rent, and the damages sustained by him were none the less by reason of such incumbrance.

On the whole, after a careful examination of all the questions presented by the bill of exceptions, I cannot see that any legal principle has been violated in the decisions of the circuit judge, and therefore, although I might have been better satisfied with a less verdict, the motion for a new trial must be denied.