| 57  | 175 |
| 136 | 510 |

# Myer *v.* Hobbs.

*Action to recover Damages resulting from Negligent Excavation by adjoining Landed Proprietor.*

1. *Lateral support; right to.*—The court reaffirms the decision in *Moody v. McClellan*, 39 Ala. 45, that " every man has a right to lateral supports for his lands, from the adjacent lands of other proprietors, and the latter can not impair or destroy this right by excavations on their own lands; but this principle extends only to the land itself in its natural state, and does not extend to houses or other artificial structures thereon erected, which increase the lateral pressure on adjacent lands. Yet, if a person making a lawful excavation on his own land, performs the work so negligently and unskillfully that injury results thereby to the land or house of an adjacent proprietor, he is liable to an action for damages at the suit of an injured party."

2. *Damage resulting from excavation; when land-owner not liable for.*—A landed proprietor is not liable for injuries to a house on an adjacent lot, caused by excavations for building purposes on his own lot, when done by a skilled contractor, to whom the job had been let.

APPEAL from Circuit Court of Dallas.

Tried before Hon. M. J. SAFFOLD.

The appellant, Myer, who was a tenant occupying rented premises in the city of Selma, brought this action against the appellee, Hobbs, who was the proprietor of an adjoining lot, to recover damages resulting from a fall of a wall in the house occupied by appellant, which was caused by the negligent and careless manner in which appellee made certain excavations on his own lands.

The defendant, among other defenses, pleaded that before and at the time of the fall of the wall, he was the owner and in possession of a lot forming the northern boundary of the lot described in the complaint; that " there had been recently erected on the lot occupied by plaintiff a brick building, which was placed on the northern border of the lot occupied by plaintiff, and close if not on the northern boundary line of said lot, and adjacent to and almost touching the southern boundary line of the defendant; that defendant desired to

[Myer v. Hobbs.]

erect a brick store-house on his own lot, with a basement story, to be made by excavating earth on his own lot;" that he employed for this purpose, as contractor and builder, one Shelley, to make said excavation and erect on defendant's lot said brick store-house; that Shelley was a prudent and skillful contractor, and obligated himself to perform the work in a workmanlike manner, and that the excavation complained of was done by the employes of Shelley, and not by defendant, his agents, or servants."

The plaintiff demurred this plea on the following grounds: The plea is no answer to the declaration; second, "it is not shown that Shelley was able to pay the damages which plaintiff sustained, at the time said Shelley was employed to do the work mentioned in the plea; third, it does not appear that said Shelley did the injury, &c., while acting as contractor, and without the direction of the defendant, or at a time when he was not acting under the control of the defendant."

The court overruled the demurrer, and issue having been joined on other pleas, there was a verdict and judgment for the defendant.

The overruling of the demurrer is now assigned as error.

MORGAN, LAPSLEY & NELSON.—The demurrer to the plea should have been sustained.— *Wiswall v. Brinson*, 1 Iredell Law, 554; *Earl v. Hall*, 2 Metcalf, 353; *Gardner v. Heartt*,. 2 Barb. 166.

FELLOWS & JOHN, *contra.*—The defense set up by the plea is sustained by the case of *Moody v. McClelland* (39 Ala. 45) and *Hilliard v. Richardson* (3 Grey, 349). Being the absolute owner of the land, appellee had a right to employ a contractor to excavate, and the contractor being a skillful and proper man, the appellee can not be made liable for the contractor's mistakes or misadventures.—30 Barbour, 233; *Gayford v. Nichols*, 8 Exchequer, 702; Redfield on Railways, vol. 1, p. 506.

STONE, J.—We have no disposition to discuss or reexamine the principles settled in *Moody v. McClelland*, 39 Ala. 45. That case was thoroughly considered, and embraces an elaborate collation of authorities, English and American, and we are satisfied with the principle then announced, "that every man has a right to lateral support for his land from the adjacent lands of other proprietors, and

VOL. LVII.

[Myer v. Hobbs.]

that the latter can not impair or destroy this right by excavations on their own lands; but this principle applies only to the land itself in its natural state, and does not extend to houses, or other artificial structures thereon erected, which increase the lateral pressure on the adjacent lands. Yet, if a person making a lawful excavation on his own land, performs the work so negligently and unskillfully that injury thereby results to the land or house of an adjacent proprietor, he is liable to an action for damages at the suit of the injured person." Under this principle, the present case is narrowed to the inquiry, was the defendant guilty of negligence or want of skill in making the excavation? If he was, and if damage ensued therefrom to the plaintiff, the action was well brought. The sole question raised by this record, is the judgment of the court overruling plaintiff's demurrer to defendant's second plea.

In 1 Addison on Torts, 508, it is said, if "a person has ordered or directed a particular thing to be done, yet, if he does not employ his own servants or workmen to do it, but intrusts the execution of the work to a person who exercises an independent employment, and has the immediate dominion and control over the workmen engaged in the work, he is not responsible for injuries done to third persons from the negligent execution of the work." The same author had said, page 31: "Whenever one man employs another to execute a particular work respecting personal moveable property, and that other furnishes his own servants to do the work, the servants so furnished are not to be considered in the same light as if they were servants selected, hired and paid by the person who orders the execution of the work."

In Wharton on Negligence, § 181, it is said: "In an action for negligently pulling down a wall of the defendant's house adjoining the plaintiff's, evidence was given that the wall was taken down by a builder at an estimated cost, in pursuance of directions given to him by an architect employed by defendant, and who had the general superintendence of the work at the defendant's house. It appeared that in consequence of the removal of a beam from the wall, the front of the plaintiff's house fell down. It appeared, also, that the plaintiff's house ought, as a reasonable precaution, to have been shoved up, before the defendant's wall was removed. The judgment of the court was that the defendant was not liable."

In the case of *Gourdier v. Connack*, 2 E. D. Smith, 254, it was decided that "when a contractor has undertaken the

[Myer v. Hobbs.]

performance of a specific work, in such wise that the owner has no control or authority over the mode or manner of its performance, having only a right to insist, according to the terms of his contract, that the work be done, the owner is not responsible for the contractor's negligence in the manner of its performance; and this rule is applicable to real as well as to personal property."

In *Scammon v. City of Chicago,* 25 Il. 424, it was said that " an owner of land who contracts with a skillful party to erect a building thereon, and who for that purpose surrenders the premises for the uses of the contractor, is not, during the erection of the building, answerable in damages for an accident which occurs to a stranger passing by. If the sufferer has any recourse, it is against the contractor, or the corporation within which the property is situated."

To the same effect are the following authorities: *Steel v. South-Eastern Railway Co.* 16 Q. B. 550; *Gayford v. Nicholls,* 9 Exch. 702; 2 Hill on Torts, 536; Sto. Agency, § 454 c.; *Earle v. Hall,* 2 Metc. (Mass.) 353; Shearman & R. on Negl. § 501, and note; *Gilbert v. Beach,* 4 Duer, 423; *Young v. N. Y. Central R. R. Co.* 30 Barb. 229; *Hilliard v. Richardson,* 3 Gray 349; *Felton v. Deall,* 22 Ver. 170.

There is an old case of *Bush v. Steinman,* (1 Bos. & Prul. 404), which asserts the contrary doctrine; but that case was not followed in the later English cases, nor to much extent in this country. In *Wiswall v. Brinson,* 10 Ire. Law, 554, the majority of the court laid down the law in accordance with the views of the court in *Bush v. Steinman, supra;* but Chief-Justice RUFFIN, one of the ablest judges of that or any other State, dissented.—See, also, *Gardner v. Heartt,* 2 Barb. 165.

The case of *Chicago City v. Robbins,* 2 Black. 418, is not opposed to these views. So far from it, the court said: " We are not disposed to question the correctness of the rule contended for by the defendant, as an abstract proposition." The court then proceeded to found the defendant's liability on the ground that the opening in the sidewalk was a public nuisance, which the defendant had permitted to remain on his land, and unprotected, from which the liability and loss to the city had resulted.

The doctrine of *respondeat superior,* when applied to employer and employe, or to master and servant, rests on the maxim, *qui facit per alium, facit per se.* That doctrine has no application to a job, let out to a building contractor.

The demurrer to the second plea of defendant was rightly overruled, and the judgment of the Circuit Court is affirmed.