HENRY SCHILE, Respondent, *v.* WILLIAM BROKHAHUS, Appellant.

An old wall from long *user*, in the absence of evidence, may be deemed a party-wall, presumptively, either from an agreement to that effect, or from its being built upon the line of the two lots for that purpose by the respective owners.

*It seems,* that where a party-wall has become so dilapidated as to be unsafe, the owner of one building has the right to replace it, and in so doing is not liable in damages.

*It seems,* also, that where a party-wall is interfered with for the benefit of one owner, as by raising it, such owner is absolutely liable as insurer for any loss or damage occasioned to his neighbor thereby.

Where one of two adjoining proprietors, in disregard of the rights of his neighbor, tears down a party-wall, or a portion thereof, claiming that it stands entirely upon his own land, and intending to erect a new wall for himself, without giving his neighbor any benefit from it as a party-wall, it is a trespass, and the trespasser is liable for the damages resulting.

In an action to recover such damages, as it is not based upon negligence, contributory negligence is not a defense.

Loss of profits, consequent upon such a trespass, are properly allowed as an item of damages, provided they are such as might naturally be expected to follow from the wrongful act, and are certain, both in their nature, and in respect to their cause.

Where a business has been partially interrupted, because of the trespass, it is competent to prove upon the question of damages the amount of business previously done, and how much less the business was during the months when the injury occurred than during the corresponding months of the previous year, and the profits upon the business; and where the evidence is sufficient to show that the falling off of business was in consequence of the wrongful acts of the defendant, the loss of profits thus established is a proper item of damages.

The attention of the court must be called to the precise point intended by an exception, otherwise it will not avail.

Under the provisions of the act of 1876 (chap. 299), to enable the records of the signal service department to be received in evidence, where the officer in charge produces a book containing a copy of the record, attested by his signature, and he verifies its correctness as a witness, this is a sufficient certification "under oath" to authorize the reception of the copy as evidence.

(Argued March 17, 1880; decided April 6, 1880.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, affirming a judgment in favor of plaintiff, entered upon a verdict and affirming an order denying a motion for a new trial.

This action was brought by plaintiff to recover damages for an alleged trespass.

Plaintiff was lessee of certain premises in the city of New York, which he occupied as a residence and for the carrying on of his business, which was that of manufacturer of and dealer in pictures, lithographs and furniture.

The trespass complained of was the tearing down of a portion of the partition wall between said building and defendant's building on the adjoining land, which wall was claimed by plaintiff to be a party-wall.

Plaintiff's evidence tended to show that the buildings were old ones, using the dividing wall in common, and that it had been thus used for over forty years; that defendant's building and a portion of the alleged party-wall was torn down by workmen under a contract for the erection of a new building on defendant's premises, leaving plaintiff's premises exposed.

The further facts appear sufficiently in the opinion.

*John A. Bryan,* for appellant. Defendant did all the law required him to do, preparatory to tearing down his old building and erecting a new one. (*Partridge* v. *Gilbert,* 15 N. Y., 601; *Dorrity* v. *Rapp,* 72 id., 307, 309, 310; *Radcliffe* v. *Mayor,* 4 id., 195, 201; *Standard Bank of Africa* v. *Stokes,* 38 L. T. Rep. [N. S.], 672.) He did all the law required him to do during the tearing down of his old building

and the erection of the new one. (*O'Rourke* v. *Hart*, 7 Barb., 511; *McCamus* v. *Citizens' Gas Light Co.*, 40 id., 380; *Radcliffe* v. *Mayor*, 4 N. Y., 195; *Blake* v. *Ferris*, 5 id., 48; *Vanderpool* v. *Husson*, 28 Barb., 196; *Creed* v. *Hartman*, 29 N. Y., 591; *Osborn* v. *Union Ferry Co.*, 53 Barb., 629; *Slater* v. *Meserole*, 64 N. Y., 138; *King* v. *Livermore*, 9 Hun, 298; 71 N. Y., 605.) The plaintiff having failed to protect himself against the consequences of tearing down and erecting defendant's building was guilty of contributory negligence, and is without remedy for the alleged damage. (*Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 68; *Easterbrook* v. *Erie R. R. Co.*, 51 Barb., 94; *Cox* v. *Turnpike Co.*, 33 id., 412; *Rexter* v. *Starin*, 73 N. Y., 601; *Lyon* v. *Erie R. R. Co.*, 57 id., 489; *Chase* v. *Central R. R. Co.*, 24 Barb., 273; *Morrison* v. *Erie R. R. Co.*, 56 N. Y., 302; *Mitchell* v. *N. Y. C. and H. R. R. R. Co.*, 2 Hun, 535.) Loss of profits was not a proper item of damages. (*Mastersen* v. *Village Mt. Vernon*, 58 N. Y., 391; *Griffin* v. *Colvin*, 16 id., 489; *Walrath* v. *Redfield*, 11 Barb., 368; 2 Greenlf., § 256; Sedgwick on Measure of Damages, p. 71, and note 1; *Partridge* v. *Gilbert*, 15 N. Y., 601.)

*Wm. F. Pitshke*, for respondent. The action for trespass was properly brought. (*Eno* v. *Del Vecchio*, 4 Duer, 53; *Cave* v. *Crafts*, 6 L. & Eq., 423.) This is an action of trespass on the case. (*Moody* v. *McClelland*, 39 Ala., 45; *Dubois* v. *Beaver*, 25 N. Y., 123, 128; *Hay* v. *Cohoes Co.*, 3 Barb., 48; *Creed* v. *Hartman*, 29 N. Y., 597; *Wickham* v. ———, 12 J. R., 183; *Alexander* v. *Hard*, 64 N. Y., 230; *Gourdier* v. *Cormach*, 2 E. D. Sm., 200; 6 Duer, 17; *Partridge* v. *Gilbert*, 15 N. Y., 612; *Jones* v. *Williams*, 11 Mees. & W., 181; *Brown* v. *Windsor*, 1 Cromp. & Jer., 27.) Plaintiff was entitled to continued support of, and enclosure by, this ancient party-wall. (*Townsend* v. *Bissell*, 4 Hun, 297, 301; *Hazard* v. *Robinson*, 3 Mason [U. S.], 272, 275; *Law* v. *McDonald*, 9 Hun, 23; *Sherred* v. *Cisco*, 4 Sandf., 487, 490; *Cole* v. *Hughes*, 54 N. Y., 448; *Daly* v. *Grimley*, 49

How., 520, 521; *Dowling* v. *Hennings*, 20 Md., 180; *Kurkel* v. *Haley*, 47 How., 75; *Rogers* v. *Sinsheimer*, 50 N. Y., 649 ; *Philips* v. *Bordman*, 4 Allen [Mass.], 149 ; *Matt* v. *Hawkins*, 5 Taunt., 20; *Nash* v. *Kemp*, 49 How., 531; *Dodd* v. *Holme*, 1 Ad. & El., 506; *Brooks* v. *Curtis*, 50 N. Y., 642; *Daly* v. *Grimley*, 49 How., 520; *Bradbee* v. *Christ's Hospital*, 4 Man. & Gr., 716; *Jutte* v. *Hughes*, 67 N. Y., 272, 273; *Brondage* v. *Warner*, 2 Hill, 145, 147; *Potter* v. *White*, 6 Bosw., 645, 646.)   Unauthorized interference with an easement or its use is an unlawful act, a tort, and hence no question of negligence arises, or can arise in the case. (*Congreve* v. *Smith*, 18 N. Y., 82; *Irvine* v. *Wood*, 51 id., 228; *Hays* v. *Cohoes Co.*, 2 id., 162; 3 Barb., 48; *Walters* v. *Pfeil*, 1 Mood. & Mal., 362; *Bellows* v. *Sackett*, 15 Barb., 102; *Cook* v. *Champlain*, 1 Denio, 101 ; *Muller* v. *McKesson*, 73 N. Y., 195, 202, 204).   Defendant must compensate plaintiff for disturbance of possession, increased expenses about machinery and articles, damage to goods, etc., and for the diminished profits, etc.   (*Hamer* v. *Knowles*, 6 Hurls. & Mor., 459, 461, 463; *White* v. *Mosley*, 8 Pick., 358; *Whitehall* v. *N. J. S. Co.*, 51 N. Y., 371; *Embrey* v. *Owen*, 6 Excheq., 353; *Ashby* v. *White*, 2 Ld. Raymond, 938; *Webb* v. *Portland Co.*, 3 Summ. [U. S.], 191, 192; *Eten* v. *Luyster*, 60 N. Y., 253, 260; *Scott* v. *Bay*, 3 Md. [A. D., 1853], 432; *Nems* v. *Mayor*, 59 N. Y., 500; *Jutte* v. *Hughes*, 67 id., 272; *Blower* v. *Morss*, 68 id., 624 ; *Greene* v. *Thomas*, 4 Hun, 809; *Hoffman* v. *U. F. Co.*, 68 N. Y., 386, 396; *Booth* v. *S. D. R. M. Co.*, 60 id., 493, 495; *Sewall* v. *Fisk*, 23 N. H., 180; *Otto* v. *Werner*, 40 Md., 16, 21; *Wilson* v. *Knapp*, 70 N. Y., 597; *Fultz* v. *Wycoff*, 25 Ind., 326; *Simmons* v. *Brown*, 5 R. Isld., 299; *Wetmore* v. *Jaffrey*, 9 Hun, 143; *Averett* v. *Brady*, 20 Ga., 523; *Shult* v. *Baker*, 4 N. Y. [Week. Dig.], 185; *Shepard* v. *Milwaukie G. Co.*, 15 Wis., 327, 328; *Marquart* v. *Lafarge*, 5 Duer, 565; *Lacour* v. *Mayor*, 3 id., 406; *Bagley* v. *Smith*, 10 N. Y., 498; *Griffin* v. *Colver*, 16 id., 496, 497; *St. John* v. *Mayor*, 6 Duer, 315, 320; *Alfaro* v. *Davidson*, 8 J. & S., 91.)

CHURCH, Ch. J. This case is somewhat confused both as to the principles applicable to it, and the facts developed on the trial. The right of the defendant to replace the old party-wall with another suitable for the new building which he was about to erect seems not to have been considered or determined. The case was tried upon the theory that the defendant in disregard of the rights of the plaintiff and his lessor, commenced to tear down the old wall, claiming that it stood entirely upon his own land, and intending to erect a new wall for himself, without giving the plaintiff's property any benefit from it as a party-wall, and that this was a trespass which caused the injury complained of. The jury have found in favor of this theory, and while the evidence is quite conflicting, it cannot be said that the case is so destitute of evidence to sustain it as to render the verdict invalid, or make it error to submit the question to the jury. The defendant upon protest, and threat of legal proceedings, changed his intention, and finally built a wall inside the old wall upon his own land. The defendant clearly had a right to tear down his own building, and rebuild it, and if he did that in a careful manner doing no unnecessary damage, he would not be liable.

The jury have found that the injury was in pursuance of the unlawful project of appropriating the old wall, and the land on which it stood, to his own use, and that such injury would not have occurred in simply taking down his own building. The old wall from long *user*, in the absence of evidence, must be deemed a party-wall presumptively, either from an agreement to that effect, or from its being built upon the line of the two lots for that purpose by the respective owners. (*Brown* v. *Otto*, 40 Md.; 15.) If a party-wall has become so dilapidated as to be unsafe the owner of one building has a right to replace it, and in so doing is not liable for damages. (*Partridge* v. *Gilbert*, 15 N. Y., 601.) There are other cases, where, if a party-wall is interfered with for the benefit of one owner, as by raising it, such owner is absolutely liable as insurer for any loss or damage occasioned to

the neighbor thereby. (*Brooks* v. *Curtis*, 50 N. Y., 639.)
But the questions presented do not require a determination
of the precise right of the defendant to interfere with the
wall in question. Assuming as we do that the verdict of the
jury was sustained by the evidence, the acts of the defend-
ant must be regarded as wrongful, and the question what he
might lawfully have done, is not material. There was evi-
dence tending to show that the old wall was sufficient for the
buildings as they stood, but the buildings were old, and if
either was permanently rebuilt, a new and stronger wall
would be necessary. There was no error in submitting to
the jury the question whether the tearing down of that por-
tion of the wall of which complaint is made, was in pursuance
of the contract and authority of the defendant. If that work
was included in the contract within the contemplation of the
parties, the defendant is responsible for it. (*Gardner* v.
*Heartt*, 2 Barb., 165; *Storrs* v. *Utica*, 17 N. Y., 108; *Brown*
v. *Otto*, *supra*.) Nor was it error upon the theory upon
which the case was tried, to preclude the question of con-
tributory negligence as a defense. The action is not based
upon negligence, but upon a *tort*. or trespass. (*Muller* v.
*McKesson*, 73 N. Y., 195–204.)

There are several exceptions to the admission or rejection
of evidence, which are not tenable, nor were the exceptions
to the charge well taken. The most serious question pre-
sented is that arising upon the exception to the refusal to
charge "that there is no proof of loss of profits."

It cannot be affirmed that there was no evidence on the sub-
ject. It was shown how much less the business was during
the months when the injury occurred than during the corres-
ponding months of the preceding year, and the profits upon the
business ; that the goods manufactured and kept for sale were
badly injured, that the rooms for doing business were reduced
in size in consequence of plaintiffs being obliged to erect a par-
tition to close the opening made, that wind and storms ren-
dered it unpleasant and inconvenient, and that the working
of the press for printing was suspended for a considerable

period; and that the time of the plaintiff was to some extent necessarily diverted from his business by the acts of the defendant. Loss of profits consequent upon a tort as well as a breach of contract are allowed, provided they are such as might naturally be expected to follow from the wrongful act, and are certain both in their nature and in respect to the cause from which they proceed. (*Griffin* v. *Colver*, 16 N. Y., 489; *Marquart* v. *La Farge*, 5 Duer, 565.) The evidence to say the least was rather weak and inconclusive, but the question as to the sufficiency of the evidence was not very distinctly made. When the evidence of the amount of business and profits during the corresponding months of the previous year was offered, the objection made was that it was incompetent for the purpose of proving loss of profits. This objection was not tenable. The fact of the extent of business done previously, was competent to be shown. If a business is entirely broken up, the amount previously done, is ordinarily pertinent upon the question of the amount which might subsequently be done, and the same is true of a partial interruption of business. (*Bagley* v. *Smith*, 10 N. Y., 489; *Brown* v *Otto*, 40 Md., 15, *supra.*)

Among twenty-one requests to charge was the one before specified, that there was *no* proof of loss of profits. The attention of the judge was not drawn to the question whether the proof was sufficient to show that the falling off of business was in consequence of the wrongful acts of the defendant, and he might have supposed that the request referred only to the point made on the trial, that the evidence was incompetent. It is a wholesome rule that the attention of the court must be drawn to the precise point intended, otherwise an exception will not avail. Besides there was evidence tending to show damage to specific property, to an amount nearly as large as the verdict, so that if anything was allowed by the jury for loss of business, it might have been, and probably was very small. We do not think, therefore, that this point is presented in such a manner as to justify a reversal of the judgment. The record of the signal service department was

sufficiently proved. The agent produced the book contain-
ing a copy of the record, attested by his signature, and he
verified its correctness as a witness. This came up to the
requirement of the statute of being "certified under oath."
(Laws of 1876, chap. 299.) Upon the whole, regarding as
we must the questions of fact passed upon by the jury as
conclusive, we are unable to find any error in law committed
on the trial, calling for a reversal of the judgment, and it
must therefore be affirmed.

All concur.

Judgment affirmed.