CAPEL *et al. v.* LYONS *et al.*

*(City Court of New York, General Term. July 5, 1892.)*

1. TRESPASS—WHO ARE TRESPASSERS.

By exceeding the conditions of a contract permitting defendants, while engaged in erecting a building on an adjoining lot, to enter plaintiffs' premises to shore them up, defendants thereby became trespassers.

2. SAME—DAMAGES.

The damages in such case include loss of profits sustained on account of plaintiffs' inability, by reason of defendants' unlawful acts, to perform their contracts.

Appeal from trial term.

Action by Henry A. Capel and others against Jeremiah C. Lyons and others for damages for trespass and breach of contract. From a judgment entered on a verdict for plaintiffs, defendants appeal. Affirmed.

*Charles E. Souther,* for appellants. *B. Lewinson,* for respondents.

FITZSIMONS, J. The defendants are building contractors, and owned premises adjoining plaintiffs' premises. While engaged in the erection of a building on their lot, next door to the building where plaintiffs were carrying on their business, they found it necessary to shore up the plaintiffs' building, and requested permission to do so, which request was granted, upon condition that the needles should enter building to the extent of one foot, and put up a temporary partition against the inside of such needles, and replace certain drying apparatus. It appears that the needles were run in plaintiffs' premises to the extent of about eight or nine feet, no partition was built, and the steam apparatus was not replaced; and, as a consequence of their wrongful acts, plaintiffs claim that certain orders which they had could not be carried out, and that they suffered damage. The jury rendered a verdict for plaintiffs for $670.80. Evidently the jury believed the plaintiffs' version of the contract made between plaintiffs and defendants. Therefore the defendants, under such contract, had the right only to enter plaintiffs' premises within the terms of such contract, and their entry to any greater or larger extent made them trespassers and tort feasors, and liable for any consequential damages permitted by law. The damages sustained by plaintiffs because of their inability to carry out their definite contracts, and consequent loss of profits under the same with their customers, which failure was brought about by defendants' wrongful acts, are properly provable. *Schile* v. *Brokhahus*, 80 N. Y. 614. Such damages, the jury believed, amounted to $650. The failure of defendants to replace the steam-drying apparatus was also a matter for which they were liable, and the damages assessed by the jury, $20.80, seem to be proved. We find no errors.

Judgment must be affirmed, with costs. All concur.