HENRY H. SNOW, RESPONDENT, *v.* JOSEPH PULITZER, APPELLANT.

*Eviction, rendering a building unsafe by the demolition of an adjoining building both owned by the same person — liability to a tenant.*

Where the owner of certain premises purchases an adjoining lot and building subject to an outstanding lease, and by demolishing a building on the land previously owned by him renders the adjoining leased building unsafe and thereby destroys the value of the outstanding lease, and the public authorities compel the taking down of both buildings, which is done by the owner accordingly, this is an eviction for which the tenant may recover damages.

This is so, even if each building had an independent wall.

Proof of acts which rendered the premises unsafe, so as to cause an actual removal of the tenant therefrom, is sufficient proof of eviction.

Such act of eviction is the act of the owner, even though done by a contractor.

In an action to recover the damages resulting from such an eviction, which caused an actual removal of the tenant and the entire destruction of the value of his outstanding lease, loss of profits on the business previously carried on by the tenant in the leased building is, when once established by proof, a proper element of damages.

APPEAL by the defendant, Joseph Pulitzer, from a judgment of the Supreme Court, entered in the office of the clerk of Kings county on the 9th day of February, 1892, for $5,675.34, damages and costs, in favor of the plaintiff, Henry H. Snow, and against the said defendant, and from an order denying the defendant's motion, made upon the minutes of the judge presiding at the trial for a new trial, entered on the 29th day of February, 1892.

The action was brought to recover damages for the destruction of a building leased and occupied by the plaintiff, and for his consequent eviction therefrom by the defendant. The case was tried at the Kings County Circuit, and resulted in a verdict in favor of the plaintiff for $5,200, on which the judgment appealed from was entered.

*John M. Bowen* and *J. Gerard Buckley*, for the appellant.

*Abel Crook*, for the respondent.

BARNARD, P. J. :

On the 5th of January, 1886, Helen A. French granted a lease to the plaintiff of certain premises in the city of New York to be used for the sale of confectionery. The lease expired on the 1st of May, 1889. The plaintiff moved into the premises on April 1, 1886, and expended money thereon to fit it for his business. In April, 1888, Mrs. French sold to the defendant the premises leased to plaintiff, but subject to it, and also other adjoining premises outside of those leased to plaintiff. In August, 1888, the defendant demolished the buildings next to those occupied by plaintiff. The removal of the walls on the south and west sides of the plaintiff's premises rendered the same unsafe and dangerous, and the value of the remainder of plaintiff's lease was destroyed entirely. The history of the removal of the walls was this : Mr. Pulitzer wished to erect a new building. He commenced upon the high building next plaintiff to take it down. When two stories had been removed it was certain that the plaintiff's building would fall. The superintendent of buildings then obtained an order to take down both buildings, which was done by the defendant under the decree for the demolition. This was proof of an eviction. As between Mrs. French and the plaintiff he had a right to have his leased buildings stand to the end of the lease. Mrs. French had no right to destroy his lease by taking down the lateral support, even if each building had an independent wall, which was disputed. The defendant took Mrs. French's title with the same duty imposed on him as existed against his grantor. The acts which rendered the premises unsafe, so as to cause an actual removal of plaintiff therefrom, were sufficient proof of eviction. (*Dyett* v. *Pendleton*, 8 Cow., 727 ; approved in *Boreel* v. *Lawton*, 90 N. Y., 293.)

The act of eviction was an act of defendant, even though done by a contractor. The plaintiff had a right to his possession from the defendant, and any act done or caused by defendant, which drove the plaintiff out of his possession, was an eviction.

The damages were proper. First, the court permitted a recovery for the value of personal property destroyed. Second, loss of profits ; and, third, difference between the cost of fixtures put in at the commencement of lease over and above the amount allowed by Mrs. French therefor. The item seriously contested is the item of

profits. The case is one where proof tending to show profits destroyed was admissible, and a recovery for such profits proper when once established by proof. (*Schile* v. *Brokhahus*, 80 N. Y., 614; *Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 id., 205; *White* v. *Miller*, 71 id., 118.)

The judgment and order denying new trial should be affirmed, with costs.

PRATT, J., concurred.

Judgment and order denying new trial affirmed, with costs.