## DICKINSON v. HART.

(Supreme Court, General Term, Second Department.   December 12, 1892.)

1. CONTRACTS—WHAT CONSTITUTES BREACH.
    Where defendant agreed to furnish plaintiff a show case and shelving with
    which to conduct a stationery business in defendant's jewelry store for five
    years, but after about two years defendant removed his business to another
    store, and leased one part of the former store for a dyeing establishment and
    the other for a secondhand clothing store, putting a partition through the
    middle, such action constituted a breach of his contract with plaintiff.

2. SAME—EVIDENCE—HARMLESS ERROR.
    Evidence given that the substituted kinds of business were not fitted to
    plaintiff's was immaterial and harmless, no such evidence being needed.

3. SAME—MEASURE OF DAMAGES.
    In such case the loss of profits is the proper measure of damage.

Appeal from circuit court, Kings county.

Action by William N. Dickinson against James H. Hart to recover
damages for an alleged breach of a contract by which defendant was to
furnish plaintiff a show case and shelving to conduct a stationery busi-
ness in defendant's jewelry store, and receive as payment therefor a por-
tion of the profits.   Before the expiration of the contract defendant re-
moved his business and leased one part of the store for a dyeing estab-
lishment and the other part for a secondhand clothing store, constructing
a partition between the parts so occupied.   On the trial a verdict for
$3,000 was rendered in favor of plaintiff, and from the judgment entered
thereon, defendant appeals.   Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

James & Thomas H. Troy, for appellant.
Charles J. Patterson, for respondent.

BARNARD, P. J.   At the time of the execution of the agreement
between the parties the defendant was a jeweler at 313 & 315 Fulton
street, Brooklyn.   His lease expired the 1st of May, 1892.   The agree-
ment to furnish the plaintiff with a show case and shelving to conduct
a stationery business in the defendant's store was absolute, and re-
quired the furnishing of the same in that store, and under the then ex-
isting condition, until the end of the privilege, which was from April
6, 1887, to May 1, 1892.   The two businesses manifestly fitted each
other, and it was a breach of the agreement for the defendant to lease
out the store to two people, one part for a dyeing establishment and the
other part for a secondhand clothing store, with a partition in the
middle of the same, or nearly so.   The businesses were incongruous
with that of plaintiff's, and the store size was reduced.   Evidence given
to establish that the substituted businesses were not fitted to the plain-
tiff's was immaterial, and did no harm.   No evidence was needed.
The payment to be made by the plaintiff for the privilege was to be de-
termined by the sales of the business.   It was to be 5 per cent. of gross
sales made by plaintiff up to May 1, 1888, and 10 per cent. of such
gross sales from May 1, 1888, to May 1, 1892.   It was made an issue
whether the plaintiff consented to the termination of the privilege, but
the jury have found against the defense as not being the fact.

The only remaining question is as to the rule of damages in case of a breach by the defendant. Proof was given as to the gross sales for the two years of the existence of the unbroken contract, and the amount paid defendant for rent (5 per cent.) was $333.07, and the second year (10 per cent.) was $584. The gross sales for the two years were $12,500, and, after paying the rent and the clerk hire, the profits of the two years were $5,993. The sales of the second year were larger; nearly double the second year those of the first. The plaintiff was entitled to recover the value of his loss. The case is one where the loss of profits is the proper measure of damage. Wakeman v. Manufacturing Co., 101 N. Y. 205, 4 N. E. Rep. 264; White v. Miller, 71 N. Y. 118; Schile v. Brokhahus, 80 N. Y. 614. There was evidence sufficient to sustain the finding of the jury of a loss, excluding any charge for plaintiff's services for a much larger sum.

The judgment should be affirmed, with costs. All concur.