LANGAN v. POTTER et al.

(City Court of New York, General Term.   May 18, 1894.)

DAMAGES—INTERRUPTION OF BUSINESS—LOSS OF PROFITS.

In an action for wrongfully seizing under execution the stock of goods in plaintiff's store, plaintiff may recover for loss of profits resulting from the seizure.

Appeal from trial term.

Action by Catherine Langan against Ellis M. Potter and others. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Joseph I. Green, for appellants.
J. Woolsey Shepard, for respondent.

VAN WYCK, J.   The plaintiff began this action against the sheriff for unlawfully taking possession, on July 13, 1893, of her entire stock of goods, consisting of butter, eggs, lard, and other goods which are usually dealt in in a First avenue retail grocery store, and also of the premises in which she carried on such business, and for retaining such unlawful possession of such goods and the premises for about three weeks, during which time she was entirely excluded from the premises, and absolutely prevented from conducting her business. The present defendants are the sheriff's indemnitors, and, as such, were substituted herein in his stead. The verdict was for $416 for plaintiff, and her proof is abundantly sufficient to have justified the jury in finding that about one week before the sheriff so seized her stock of goods and store an inventory was taken of such stock, the reasonable value of which was $1,156.86, to which she added goods of the value of about $350, making the aggregate value of $1,506.86, from which she sold goods of the value of $407, and that the value of the goods in the store and unlawfully seized was $1,099.96; while that, three weeks afterwards, when she regained possession, the entire stock in the store was worth but $200, thus showing her damages on stock to be $899.96. It was not disputed that she paid a lawyer $25 for causing the attachment under which the seizure was made to be vacated, and to the sheriff $66, before he would surrender to her the goods and premises. Her verdict was for only $416, from which deduct the $91 paid to the lawyer and the sheriff, not disputed, and it would seem that the jury had

awarded her only about one-third of the amount which by proof she claimed as damages to her stock of goods; and yet the brief of defendants' counsel is devoted almost entirely to argument that this verdict is against the evidence and the weight of evidence, and the only point of law discussed by the counsel is raised by his exception to so much of the judge's charge as says: "The plaintiff has also the right to recover the profits that she would have made had she been permitted to continue in business in this store. Her wit-· nesses claim that her profits would have been $90, and if you believe that testimony the plaintiff is entitled to a verdict for the profits;" and by his exception to the proof of the facts upon which this charge is based. There was no dispute except as to the measure and value of plaintiff's damages, and the plaintiff's uncontradicted proof, as regards loss of profits, was that the sheriff retained unlawful possession of the stock of goods and the store for about three weeks, during which time he absolutely excluded her from the premises, thus preventing her from conducting her business; that the average daily sales by her in this store at the time of the seizure was about $50, upon which her average profit was about 20 per cent., or $5 per day, and hence that her profits would have been about $90 for the time during which her business was entirely broken up by the tortious acts of the sheriff. The complaint alleged that by reason of such acts she lost the sale of her goods, and the profits which she would have otherwise made. The loss of profits consequent upon a tort are allowed, provided they are such as might naturally be expected to follow from the wrongful act, and are certain, both in their nature and in respect to the cause from which they proceed. Griffin v. Colver, 16 N. Y. 489. A person who deliberately walks into a retail store, forcibly ejects the proprietor without any right, and locks and tightly closes the store, must naturally expect that such proprietor will lose the sale of his goods, and the consequent loss of his usual profits during this unlawful interruption of his business; and it is certain that the cause from which this loss proceeds is the act of this tort feasor, and the nature of the loss of profits is made sufficiently certain by proof of the average daily sales made at the time of the unlawful interruption of the business and the then average profit on such sales. Schile v. Brokhahus, 80 N. Y. 614. In the Schile Case the action was based upon defendants' tort or trespass in so tearing down a partition wall as to leave plaintiff's adjoining house, in which he conducted a picture, lithograph, and furniture business, open, and exposed to weather, and thus causing a partial interruption of his business, and the great chief justice there writing says:

"When the evidence of the amount of business and profits during the corresponding months of the previous year was offered, the objection was made that it was incompetent for the purpose of proving loss of profits. This objection was not tenable. The fact of the extent of business done previously was competent to be shown. If a business is entirely broken up, the amount previously done is ordinarily pertinent upon the question of the amount which might subsequently be done; and the same is true of a partial interruption of business."

It would seem that nothing was allowed by the jury for this loss of profits, for plaintiff's proof shows damage to specific property to an amount very much larger than the verdict. The judgment and order appealed from are affirmed, with costs. All concur.