(18 Misc. Rep. 351.)

EBENREITTER v. DAHLMAN et al.

(City Court of New York, General Term. November 2, 1896.)

CONVERSION OF GOODS—PROOF OF DAMAGES.

    In an action for the wrongful seizure of a stock of goods plaintiff may show what profit she could have realized on a sale of the goods.

Appeal from trial term.

Action by Augusta Ebenreitter against Julius Dahlman and Isaac Marx, substituted defendants, for damages for the wrongful taking of goods owned by plaintiff. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and SCHUCHMAN, JJ.

O. I. Wise, for appellants.

A. H. Berrick, for respondent.

FITZSIMONS, J. This is an action for damages for the wrongful taking of certain goods and chattels owned by the plaintiff. The defendants were sued as indemnitors of the sheriff, and were substi-

tuted as defendants in his stead, as provided for by the Code of Civil Procedure. This appeal is based upon the theory that plaintiff failed to establish her claims as owner, that it was not proper to admit testimony establishing a loss of prospective profits, and upon certain alleged errors in the admission or exclusion of evidence and in the justice's charge. There is abundant evidence proving the plaintiff to be the owner of the goods in question, and the value of the same. Of course, this was denied by the defendants' witnesses, and the issue of fact so made was for the decision of the jury, and their finding in plaintiff's behalf we shall not disturb. The business carried on by the plaintiff at the time of taking was that of a retail butcher. The stock then on hand and the fixtures in the store were seized and sold by the sheriff. It was proper for the trial justice to allow testimony that would certainly show what profit the plaintiff could have realized upon the sale of the stock owned by her and so taken, and to no greater extent was testimony offered. Such testimony was properly allowed. Schile v. Brokhahus, 80 N. Y. 614. We find no error made in the admission or exclusion of evidence as to the judge's charge. It was a very fair, full, and impartial one, and, in our opinion, correctly submitted to the jury. The rules of law applicable to this action, besides defendants' requests to charge, covering, as they do, about 15 folios, were all charged as requested. Not content with this, after the retirement of the jury they made other requests to charge, covering several folios. Every request charged in plaintiff's behalf by the court, at the request of her counsel, was excepted to by the defendants' counsel; but, even after all this, we have discovered no error in the charge.

The judgment therefore is affirmed, with costs. All concur.