CRAWLEY, Judge.
In June 1994, Summerville United Methodist Church filed a complaint against Fred Chambers, d/b/a Columbus Builders. The church alleged that Chambers had removed lateral support from the church’s real property and that Chambers’s actions constituted a private nuisance. The church requested damages and injunctive relief. Following ore tenus proceedings, the trial court awarded the church $22,500 in damages, but ordered no injunctive relief.
Chambers argues two issues on appeal: (1) whether the trial court erred in finding Chambers’s actions constituted a private nuisance and (2) whether the trial court erred in awarding the church $22,500 in damages.
Chambers’s son purchased two vacant lots for residential development. The lots adjoin a wooded section of the church’s property. The church’s property line is located at the top of an embankment. Chambers’s building company began excavating dirt from the bottom of the embankment. Eventually, Chambers excavated about 50 loads of dirt with a front-end loader. The church claims that the excavation caused a loss of lateral support to the church’s property and dangerously increased the slope of the embankment. Chambers concedes that some erosion occurred, but he contends that the slope of the embankment was already “dramatic” before the excavation. Before the proceedings commenced in the trial court, Chambers sold the residential lots to individual homeowners.
Chambers first argues that the trial court erred in finding the excavation to be a nuisance. Ala.Code 1975, § 6-5-120, defines a “nuisance”:
“A ‘nuisance’ is anything that works hurt, inconvenience or damage to another. The fact that the act done may otherwise be lawful does not keep it from being a nuisance. The inconvenience complained of must not be fanciful or such as would affect only one of a fastidious taste, but it should be such as would affect an ordinary reasonable man.”
Ala.Code 1975, § 6-5-121, defines a “private nuisance” as “one limited in its injurious effects to one or a few individuals” and provides that “[a] private nuisance gives a right of action to the person injured.”
In interpreting § 6-5-120, our supreme court has held:
“[A nuisance] may consist of conduct that is intentional, unintentional, or negligent. Indeed, it may even consist of activities that are conducted in an otherwise lawful and careful manner, as well as conduct that combines with the culpable act of another, so long as it works hurt, inconvenience, or damage to the complaining party.”
Tipler v. McKenzie Tank Lines, 547 So.2d 438, 440 (Ala.1989). The plaintiff must also prove the tort elements of duty and causation in order to make a prima facie case of nuisance. Id. The court also stated:
“We must look to the particular facts of each case to determine whether the party charged with creating and maintaining a nuisance has engaged in a course of conduct, or has permitted to exist a set of circumstances, that, in its natural and foreseeable consequences, proximately caused the hurt, inconvenience, or damage complained about.”
Id. at 440-41.
The gist of Chambers’s argument is that the church did not prove that he breached his duty to laterally support the church’s property, and, therefore, he contends the trial court could not find the excavation to be a nuisance. Although a landowner has a right to excavate close to the boundary line, he owes a duty to laterally support the adjacent landowner’s property. Nichols v. *1317 Woodward Iron Co., 267 Ala. 401, 103 So.2d 319 (1958). That duty extends only to the land in its natural condition and not to structures on the land. Myer v. Hobbs, 57 Ala. 175 (1876).
Although the evidence in this ease was highly disputed, we conclude that the church did prove the necessary elements in order to recover damages for the loss of lateral support to its real property. Several witnesses testified that before the excavation the slope was gradual enough to be safely traveled, but that after the excavation all that remained was a sheer drop that would be a hazard. Further testimony revealed that the slope had been a popular area for children to play, but that after the excavation it would be hazardous for children to play in the area.
A soil expert testified that the land suffered a dramatic loss in its lateral support and that in its present state the land would continue to erode. The soil expert also testified that the excavation contributed to the loss of the land’s lateral support. Chambers presented much evidence to contradict that testimony; however, it is the duty of the trial court to resolve conflicts in the evidence. Jones v. LeFlore, 421 So.2d 1287, 1288 (Ala. Civ.App.1982). We find no abuse of discretion in the trial court’s finding that Chambers breached his duty to provide lateral support to the church’s land and that the breach constituted a private nuisance.
Chambers next argues that the trial court erred in awarding the church $22,500 in damages. The trial court did not award damages for any future damage to the church’s land, nor did it award damages for depreciation in the value of the church’s land. Chambers presented evidence that the church suffered no damage as a result of the excavation; however, the church presented evidence that to restore the lateral support could cost over $100,000. Based on the evidence in the record, we conclude that the $22,500 award was not excessive, and we find no abuse of discretion. Drummond Co. v. BosheU, 641 So.2d 1240 (Ala.1994).
Therefore, we affirm the judgment of the trial court holding that Chambers breached his duty to provide lateral support for the church’s property, holding that the breach constituted a private nuisance, and awarding the church $22,500 in damages.
AFFIRMED.
THIGPEN, YATES, and MONROE, JJ., concur.
ROBERTSON, P.J., dissents.