By the Court. Woodruff, J.
When this case was before the court in October, 1854,* nearly all of the questions raised by the present appeal were presented to the consideration of the court. We regard the- opinion then given as so far conclusive *26 upon those questions, that it is not proper to open them here for discussion. That opinion must therefore be taken as the opinion of the court in relation to all matters embraced therein, or which are impliedly covered thereby.
It was then decided that, in any view of the rights and liabilities of the parties, the plaintiff was entitled to notice of the defendants’ design to take down the wall in question ; but that if it was found that the wall in question was a party-wall, then that the question of notice or no notice to the plaintiff was immaterial, because in that case the defendant had no right to interfere with the wall at all without the plaintiff’s consent, unless he could do so without injury to the plaintiff’s building.
Under what circumstances the wall is to be deemed a party-wall, is stated, so far as is material to the present case, in the following propositions, with the conclusions therefrom :—
“ 1st. If the owner of two adjoining lots erects buildings upon them with a wall partly on each, to be used as a support to both buildings, and which is necessary to furnish such support, and which is used for that purpose from the time of its erection, a conveyance of either house and lot, with its appurtenances, grants an easement, for the support of the house so conveyed, in so much of the wall as stands on the other lot.
“2d. After such a grant and a continued use of such party-wall, to support both buildings for more than twenty years, neither can remove the wall, nor so deal with it as to render it an insufficient support for the other’s building, without his consent. If he does he is liable to the other for the injury.
“ 3d. If either wishes to improve his own premises before the party-wall has become ruinous, or incapable of further answering the purposes for which it was erected, he may underpin the foundation, sink it deeper, and increase, within the limits of his own lot, the thickness, length, or height of the party-wall, if he can do so without injury to the building on the adjoining lot; and to avoid such injury he may shore up and support the original party-wall a reasonable time to excavate and place a new underpinning beneath it.
“ 4th. But he cannot interfere with it in any manner unless he can do so without injury to the adjoining building, or without the consent of the owner of such building.”
*27 In regard to the rule of damages, in case the plaintiff should be under these propositions entitled to recover, the rule is stated to be that “ he will be entitled to recover such sum as will put him in the state in which he was before the injuryin other words, he is entitled to be “indemnified to the full extent of the injury occasioned.”
Both upon the former trial and upon the present, it appeared that the premises owned by the plaintiff were under lease to the tenant in possession thereof, which lease would not expire until the first day of May, 1856, and that, in addition to the covenant by the tenant for the payment of rent, there was a covenant “ also to make all alterations and repairs at his own cost and expense.”
The evidence upon the new trial ordered by the General Term showed, that the two houses referred to were “ portions of a row of buildings erected previous to 1820, with partition-walls as at present.” Also that Isaac Lawrence, under whom the defendant Del Vecchio holds, conveyed the lot held by the said defendant in 1889, describing the wall in question as a party-wall, and that the administrator of the said Isaac Lawrence, (under authority for that purpose admitted by the defendants,)conveyed the plaintiff’s lot to him. Although the deeds were objected to, it is on this appeal conceded that their admissibility was in substance decided by the General Term by the opinion above referred to.
The evidence was that the defendant Del Vecchio, being lessee of one of the buildings, employed Snyder, his co-defendant, to make alterations, digging down the foundations and lowering the floor, making the cellar also deeper, and in consequence of his doing it, the wall in question settled, and the front and rear walls of the plaintiff’s house were cracked, and that the damage to his building was from $600 to $1,500.
On the trial the defendants offered to prove, each by the other of them, notice to the tenant in possession of the plaintiff’s house, of an intent to make the alterations, and that he assented thereto. The plaintiff’s objection to this evidence was sustained, and we think properly sustained.
First, because this defence, if it was a defence, was not peculiar to either defendant; if good as to either, it was so as to both. But secondly, and quite conclusively, because the assent of the- *28 tenant could only affect his right to complain of what was done, and could not prejudice the plaintiff. The tenant had no authority, express or implied, for any such, purpose. He had no right 'to commit waste himself and could not authorize another to do so.
The charge of the Judge appears to us to be in entire conformity to the decision of the General Term, in relation to what constituted a party-wall, and the rights and liabilities resulting from the common interest therein.
It is suggested that the defendant Del Vecchio is not responsible for the acts of Snyder his employee. The cases relating to the liability of a person for the negligence of another, who stands to him in the relation of an independent contractor, and not of servant, have we think no application to the present case. Here one defendant employs and directs the other defendant to commit a trespass. Both are liable for the consequences jointly and severally. The question of negligence was wholly immaterial, or at least it was wholly unnecessary that the plaintiff should prove any negligence. The trespass was committed at the peril of being responsible for all the injury sustained by the plaintiff.
The only other question which it is necessary to notice is, whether the rule of damages was correctly stated to the jury.
The views of the court at General Term on that point are above stated. The charge to the jury was as follows: “That, as the plaintiff had leased the premises before the injury complained of, for a term of years which had not yet expired, and was not in possession of the premises, he could not recover for any interruption in or interference with the' use of the premises, nor because the use and enjoyment of them had been rendered less valuable to the lessee or his tenants.” This is not-the subject of exception, it is within the conceded rule that the plaintiff cannot recover for an injury to the possession merely.
The charge further proceeded, “ that he could only recover for damages to the structure itself.
“ That the jury would inquire what it would cost to repair the injuries done to the building itself and restore it substantially to the condition it was in before it was injured by the acts complained of: that amount, and no more, the plaintiff was entitled to recover.”
*29 To this last paragraph the defendant’s counsel excepted.
They urge that the plaintiff in his complaint does not describe himself as reversioner, and, therefore, cannot under this complaint recover at all. This point was not only sufficiently disposed of on the former argument, but it appears to us to be without foundation. The plaintiff complains that the defendants’ acts injured his house, damaged its walls, etc., etc., and although he avers that he was disturbed in the use and enjoyment thereof, the other averments are sufficient, though the latter is not proved. If it were deemed necessary to insert the prior condition of the plaintiff’s title in this respect, we should not hesitate to direct an amendment conforming the complaint to the fact proved.
No other objection to this part of the charge is stated, except that because the tenant had covenanted to make all alterations and repairs, therefore the plaintiff cannot proceed against the wrongdoers. We know of no such rule, and no authority is cited in support of the proposition. There can be but one satisfaction for the same wrong, and to that satisfaction the plaintiff is at all events entitled. It does not lie with the wrong-doer to say, “ I will not make compensation to the owner, because he has it in his power to seek redress against another person.”
If it were conceded that the tenant was, under the covenant above referred to, bound to repair damages of this description, caused by a wrong-doer, and that he might, therefore, have had an action for this same injury, the case would not be widely different from the very common examples in which one who has a special property in a chattel, as bailee, may recover against a wrong-doer for an injury done thereto, and yet no one supposes that the owner himself may not maintain the action. It is enough that there can be but one satisfaction.
It has not been claimed that the measure of damages, i. e., the actual cost of repairing the wall, was too enlarged a measure, and probably, on observing that the evidence given is stated in the case to have “ proved ” that the damage was from $600 to $1500, and that the jury found for the plaintiff only $350, the defendants have no occasion to complain of the rule, in fact, adopted by the jury in this respect.
The judgment must be affirmed with costs.

 Reported 4 Duer, 53.