LEWIS BROOKS, Appellant, *v.* JOSEPH CURTIS et al., Respondents.

Adjoining proprietors have each an easement in the land of the other covered by a party wall, and the title of each owner is qualified by the easement to which the other is entitled. This easement includes the right to increase the height of the wall, provided such increase can be made without detriment to the strength of the wall, or to the property of the adjacent owner. The party making the addition, however, does it at his peril; he must insure the safety of the work, and if injury results he is liable.

On appeal from a judgment dismissing complaint in an equity action, with costs, the General Term modified the judgment by granting a portion of the relief prayed for, and affirmed it as thus modified. *Held,* that the General Term, in making their decision, necessarily held that the Special Term should not have dismissed the complaint, but should have granted that portion of the relief sought embraced in the modification, and that the form of the judgment was technically erroneous; but that the error was one of form merely, except as the question of costs was concerned; and as costs were in the discretion of the court below, this court would not disturb the judgment upon that ground.

(Argued December 9, 1872; decided January 21, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, modifying judgment in favor of defendants, entered upon the decision of the court at Special Term, and affirming judgment as modified.

This action was brought to compel defendants to remove certain encroachments alleged to have been placed by defendants upon the premises of plaintiff, and to restore the property to its former condition.

The parties are the owners of adjoining premises, situate in the city of Rochester. In 1846 one Everard Peck owned both premises. He deeded to plaintiff, in July of that year. At that time Peck had begun the construction of a three-story brick building upon the lot. The easterly line of the premises conveyed to plaintiff is thus given in the deed: " Beginning at a point on the north of Buffalo street    *    *

*    opposite the center of the brick wall which said party of the first part is now erecting as the west wall of a block of stores; thence northwardly through the center of said brick wall seventy-nine feet." In 1855, plaintiff erected a three-story building, using the wall as the east wall thereof. In 1856 the defendants acquired title from the executors of Peck to the balance of the lot. In 1866, they added two additional stories to their building—building up the party wall for that purpose. They also lowered the ceiling of the upper story of the building, as it was, some six feet, letting the joists into the old wall, and, to secure them, passed iron anchors through the wall, fastened on the west face of the wall by nuts and plates. The anchors were inserted with the verbal consent of plaintiff. The latter gave no consent to raising the wall. After the addition was completed, ice and snow from the roof of defendants' building fell upon plaintiff's roof, doing some damage.

The court directed the dismissal of the complaint, and judgment was entered accordingly.

The judgment of the General Term was as follows: "Judgment modified so as to restrain the defendants from maintaining their roof in such manner and of such construction that the water and snow from it, and the ice formed from the waters falling from it, descend upon the roof of the plaintiff's adjoining building. As thus modified, judgment affirmed, without costs of this appeal to either party."

*James C. Cochrane* for the appellant. Plaintiff's title was absolute, without any charge upon the same. (1 R. S., 748, § 1; *Nicholl* v. *N. Y. & Erie R. R. Co.,* 12 N. Y., 128;

*Burr* v. *Mills*, 21 Wend., 290; *Clark* v. *Baird*, 9 N. Y., 183; *Drew* v. *Swift*, 46 id., 204.) The use of the wall by Peck was without any claim of right, and under a license revocable at any time. (2 Wash. on Real Property, §§ 30, 48; *Eno* v. *Del Vecchio*, 4 Duer, 53.) In party walls there exists a mutual easement for their support, nothing more. (*Hendricks* v. *Stark*, 37 N. Y., 110; *Matt* v. *Hawkins*, 5 Taunt., 20; *Partridge* v. *Gilbert*, 15 N. Y., 608, 614, 615.) Defendants knew they were building on plaintiff's property, and they must abide the consequences. (*Babcock* v. *Allen*, 32 How.; 439, in Court of Appeals; *Vosburgh* v. *Seaton*, 32 N. Y., 565; *Jacobs* v. *Morange*, 47 id., 57.) The court erred in nonsuiting the plaintiff. (*Scofield* v. *Hernandez*, 47 N. Y., 313.)

*W. F. Cogswell* for the respondents. The wall between the buildings of the parties was a party or common wall, in which each party had a common interest. (Washburn on Easements, 542; *Partridge* v. *Gilbert*, 15 N. Y., 601; 3 Kent's Com., 438.) Defendants, as owners in common with plaintiff, had a right to carry up the wall, and to insert the stays necessary for their building. (Washburn on Easements, 537, 548; *Watts* v. *Hawkins*, 5 Taunt., 20; *Eno* v. *Del Vecchio*, 4 Duer, 53; 6 id., 17; *Sherred* v. *Cisco*, 4 Sandf., 480; *Price* v. *McConnell*, 27 Illinois Rep., 255; *Partridge* v. *Gilbert*, 15 N. Y., 601; *Campbell* v. *Messier*, 4 Johns. Ch., 334, and especially at the foot of page 339 *et passim*.) Plaintiff having allowed defendants to carry up and change their structure, is estopped from denying their right to do so. (Washburn on Easements, 90, 388, 389, 2d ed.; 63, 351, 1st ed.; *Wickersham* v. *Orr*, 9 Iowa, 260; 2 Eq. Ab., 522; Angell on Water-courses, §§ 418–429; Herman on Estoppels, 427.) A parol license to enter upon lands of the licensor, and make substantial erections for the benefit of the licensee, at his expense, is, in a court of equity, valid. (*Babcock* v. *Utter*, 1 Keyes' Rep., 397; *Mumford* v. *Whitney*, 15 Wend., 380; Washburn on Real Property, 3d ed., vol. 1, pp. 542, 551,

being book 1, chap. 12, § 2, title "License;" *Miller* v. *Platt*, 5 Duer, 272; *Lobdell* v. *Lobdell*, 36 N. Y., 327; *Whitmarsh* v. *Walker*, 1 Metc., 316; *Wood* v. *Leadbieter*, 13 M. & W., 838; *Wetmore* v. *White*, 2 Caines' Cases in Error, 87; *Pierrepont* v. *Barnard*, 2 Seld., 279; *Wood* v. *Lake*, Sayre, 3; *Winter* v. *Brockwell*, 8 East, 308; *Taylor* v. *Waters*, 7 Taunt., 374.)

Rapallo, J. The deed from Everard Peck to the plaintiff states that the wall in controversy was, at the time of the conveyance, being erected by Peck as the west wall of a block of stores. The center line of the wall is, by the deed, made the easterly boundary of the land conveyed, which includes the land on which the westerly half of the wall stands. It appears that Peck's stores were afterward completed, and the plaintiff erected a building upon his own lot, using the wall as a party wall, and inserting in it the joists of his building. Peck afterward conveyed to the defendant, who made the addition to the height of the wall.

We think that the language of the deed and the acts of the parties show that it was their intention that the wall should be a party wall for the common use of both lots. The deed states that Peck was at the time erecting the wall, half of which was conveyed, and that it was to be the west wall of his block. This implies that the wall was not then completed, and that Peck was to have the right to complete it and use it as the west wall of his block. If the deed is to be treated as an absolute conveyance, free from any reservation, easement or privilege in the co-owner of the wall, Peck would have had no right to proceed to complete it, or, at least, that part which was beyond his line, after the conveyance. It cannot be supposed that such was the intention of the parties. Subsequently to this conveyance the wall has been used for more than twenty years as a party wall.

Although land covered by a party wall remains the several property of the owner of each half, yet the title of each owner is qualified by the easement to which the other is

entitled; and an important question in this case is whether such easement includes the right to increase the height of the wall, provided such increase can be made without detriment to the strength of the wall or to the property of the adjacent owner.

This question, in the absence of statutory regulations upon the subject, does not seem to have been distinctly settled by authority; but the fact appears in several of the cases relating to party walls that the height had been increased, and there is no intimation that such increase was unlawful. *Watt* v. *Hawkins* (5 Taunton, 20) was an action of trespass. The plaintiff had added to the height of a party wall, and the defendant tore down the addition, for which injury the plaintiff brought trespass. The only point decided was that the parties were not tenants in common of the land, and therefore the action of trespass could be maintained. In *Campbell* v. *Mesier* (4 Johns. Ch., 334) a party wall, standing equally on two lots, having become ruinous, the owner on one side, against the will and in spite of the prohibition of the adjacent owner, pulled down the wall and rebuilt it higher than it was originally. It was held that the adjacent owner was bound to contribute to the expense of the new wall, but not to the extra expense of making it higher than the old. There is no intimation in the case that the increase of height was wrongful. In *Partridge* v. *Gilbert* (15 N. Y., 601) the new wall built by the defendant was not only higher, but its foundations were deeper than the old wall which it replaced. The right to make these additions was not, however, discussed in the case, and perhaps there was no occasion to discuss it; the action being brought by the tenant of the adjacent lot, whose goods were injured in making the repair, and not by the owner.

In *Eno* v. *Del Vecchio* (4 Duer, 53) it was held that the owner on one side of a party wall might, for the purpose of improving his own premises, underpin the foundation of the wall and sink it deeper if he could do so without injury to the building on the adjoining lot; also, that he might

increase, *within the limits of his own lot,* the thickness, length or *height* of the wall, if he could do so without injury to the building on the adjoining lot.) Whether he could raise the whole party wall higher or whether any additional elevation must be wholly within the limits of his own lot, the court expressly declined to decide.

(We think that the right of either of the adjacent owners to increase the height of a party wall, when it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the addition, is necessarily included in the easement.) No adjudication adverse to that right has been referred to by counsel or found by us. The party making the addition does it at his peril; and if injury results he is liable for all damages. He must insure the safety of the operation. But when safe it should be allowed. The wall is devoted to the purpose of being used for the common benefit of both tenements. In *Hendricks* v. *Stark* (37 N. Y., 106) it is held that a party wall is in no sense a legal encumbrance upon either property; that the mutual easements of adjoining proprietors in such walls are a mutual benefit to each, and not a burden, but a valuable appurtenant which passes with the title to the property. This is undoubtedly correct, provided each party is allowed to derive from the wall all the benefit which it is capable of affording without detriment to the other. But if, though of sufficient strength, it cannot be used by either party in increasing the height of his building, it may prove a serious injury to the property of one desiring to make that improvement; an improvement which is very usual and often very necessary in crowded cities. (The fairer view, and the one generally adopted in legislative provisions on the subject in this and other countries, is to treat a party wall as a structure for the common benefit and convenience of both of the tenements which it separates, and to permit either party to make any use of it which he may require, either by deepening the foundation or increasing the height, so far as it can be done without injury to the other,) The party making the

change, when not required for purposes of repair, is absolutely responsible for any damage which it occasions (*Eno* v. *Del Vecchio*, 6 Duer, 17); but in so far as he can use the wall in the improvement of his own property, without injury to the wall or the adjoining property, there is no good reason why he should not be permitted to do so.

The judge has found that the wall was sufficiently strong to be of the increased height without any injury thereto. He has further found that the carrying up of the wall, under claim of right, was with the knowledge of and without objection from the plaintiff; and that the anchors were inserted with his verbal assent. We think the judge was right in his conclusion of law, that the plaintiff was not entitled to relief, so far as the carrying up of the wall and insertion of the anchors were concerned.

The court at General Term, however, modified the judgment in respect to the roof, so as to restrain the defendants from maintaining it of such construction as to cause water, snow and ice to fall upon the roof of plaintiff's building. This modification is not appealed from. In making it, the General Term necessarily held that the Special Term should not have dismissed the complaint, but should have granted that part of the relief prayed for which is embraced in the modification, and should have denied the residue; and it is claimed that the judgment of the General Term is erroneous in affirming the dismissal of the complaint with the modification referred to. The appellant is technically correct in this claim. The more proper form would have been simply to modify the judgment, and render such judgment as the Special Term should have rendered. But the objection is one of form merely, except so far as the question of the costs awarded at Special Term is concerned. This being an equitable action, costs were in the discretion of the court below; and it had power, either at Special or General Term, to decree costs in favor of the defendants, although some part of the relief prayed

for was granted. We will not, therefore, disturb the judgment on that ground.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.