Daly agt. Grimley.

---

## NEW YORK COMMON PLEAS.

### PETER DALY agt. WILLIAM H. GRIMLEY.

*Rights in the use of a party wall.*

Each adjacent owner of a party wall has the right to its use in the improvement of his own property, but at his own peril so far as injury might result therefrom to his neighbor.

A flue constructed partly through a party wall is subject to the rightful and proper use of an adjacent owner in the improvement of his own property.

Over twenty years use of a flue in a party wall raises a strong presumption of its safety. For any apprehended danger therefrom, an adequate and summary remedy exists by an application to the public authorities.

*Equity Term, August,* 1874.

LARREMORE, *J.*—The wall between the houses Nos. 326 and 328 Henry street was constructed partly on each adjoining lot, in the year 1831, for the common support of both buildings, and has been so used for over twenty years. It thus became a party wall, in the legal sense of the term (*Webster* agt. *Stevens*, 5 *Duer*, 553 ; *Eno* agt. *Del Vecchio*, 6 *Duer*, 17).

Each adjacent owner, therefore, had the right to use said wall in the improvement of his own property, but at his own peril, so far as injury might result therefrom to his neighbor (*Brooks* agt. *Curtis*, 50 *N. Y.*, 644, 645).

The actual damage sustained by the plaintiff was of so temporary and slight a character that no pecuniary compensation therefor was attempted to be proved on the trial.

The only question to be decided is that which relates to defendant's right to use said party wall for the purpose of making a connection with the flue of the adjoining house.

If said flue had been built entirely on plaintiff's own premises (as the witness Baker testified), there could be little doubt as to his right of recovery herein.   But the weight of evidence is in favor of the fact that said flue extends beyond the center line of the party wall, and its back is formed by a single brick on the side toward defendant's house.

We have the testimony, then, of three witnesses on the part of the defendant to one on the part of the plaintiff, to establish the fact that, by the removal of a single brick on defendant's side of the wall, access to the flue was had.

A flue thus constructed partly through a party wall is (under the rule laid down in *Brooks* agt. *Curtis*) subject to the rightful and proper use of an adjacent owner, in the improvement of his own property.

This right being established, the remedy for its misuse is by an action at law for the damages sustained.

Nor can I infer from the evidence that the present use of the wall is dangerous.   All the testimony upon this point is based upon a supposition and not a fact.   Over twenty years' use of the flue for the purposes above stated raises a strong presumption of its safety.   For any apprehended danger therefrom, the plaintiff has an adequate and summary remedy by an application to the public authorities.

The learned counsel for the plaintiff asks, in this case, for the application of the rule "*Sic utere tuo, ut alienum non lædas.*"

The best answer that can be made to such a request is contained in the admirable and elaborate opinion delivered by chief justice BRONSON in *Radcliff's Executors* agt. *The Mayor, &c., of Brooklyn* (4 *Comst.*, 195), as to what a man may do on his own premises.

After a review of the evidence and the law applicable to the case, I am of opinion that the defendant is entitled to judgment.