JOSEPH KELLER, Plaintiff, *against* MENA ABRAHAMS, Defendant.

(Decided May 15th, 1885).

Where the owner of one of two adjacent buildings supported by a party wall, in improving his property, makes a change in the position of the beams in the party wall, if the work is of such a description as can be performed with entire safety to the party wall, having in itself no tendency to injure the wall, he is not liable to the owner of the adjoining building either as a trespasser or for negligence of an independent contractor who performs the work.

EXCEPTIONS taken at the trial of an action in this court directed to be heard at the General Term.

The parties to the action were the owners of adjacent premises supported by a party wall. The defendant employed a contractor to make certain alterations in her house which included the lowering of the beams of the first floor whereby it became necessary to cut into the foundation in her own side of the wall several inches for each beam.

The plaintiff sued the defendant claiming damages for the negligent manner in which the work was performed,

and that he had sustained injury to his premises by reason thereof to the amount of $5,000. The defendant insisted that the wall was used for the improvement of her property and for the purpose for which it was intended, and that the damages if any occurred were not imputable to her.

The question at issue was submitted to the jury, who found a verdict for defendant. An order was entered that the exceptions taken by plaintiff at the trial should be heard in the first instance at the General Term.

*Edward C. James*, for plaintiff.—I. The court erred in declining to charge, as requested, " that the party making a change in a party wall, when not required for purposes of repair, is absolutely liable for any damages it occasions." The rule was stated in these exact terms by the Court of Appeals in *Brooks* v. *Curtis* (50 N. Y. 644), upon the authority of *Eno* v. *Del Vecchio* (6 Duer 17). It was repeated in *Schile* v. *Brokhahus* (80 N. Y. 614). The case of *Gardner* v. *Heartt* (2 Barb. 165), cited with approval by the Court of Appeals in *Schile* v. *Brokhahus*, is another form of the same question decided in *Eno* v. *Del Vecchio*. See also *Mairs* v. *Manhattan &c. Assoc.* (89 N. Y. 498) and *Jutte* v. *Hughes* (67 N. Y. 267). Upon the authority of the foregoing cases it is respectfully submitted that the defendant, in this case, was an insurer of the safety of her operations upon the party wall between her house and that of the plaintiff; that she was absolutely liable for the damages occasioned thereby, whether produced by the very nature of the work or by the negligence of the contractor and his employés in the performance of it; and that the court erred in declining to charge as requested by the plaintiff.

II. The court erred in charging the jury that the defendant was only liable in case the injury was the necessary, direct and absolute consequence of the change which had been made, and also in instructing them that the defendant was not liable if the damage was caused solely by the negligence of the independent contractor in performing such work. The rule of respondeat superior applies only to ac-

tions founded solely upon negligence. It has its origin and limit in the principle that the law will not impute to one person the negligent act of another, unless the relation of master and servant exists between them. But it has no application to a case where the thing contracted to be done is unlawful, or where a duty is imposed upon one party in respect to the work to be done, and he attempts to delegate the performance of that duty to another (*King* v. *New York Central &c. R. R. Co.* (66 N. Y. 171, 184–5). An action for an injury to a party wall is an action for trespass, and negligence is immaterial and need not be proved to sustain the action (*Schile* v. *Brokhahus,* 80 N. Y. 614; *Eno* v. *Del Vecchio,* 6 Duer 28; *Mairs* v. *Manhattan &c. Assoc.,* 89 N. Y. 498, 505). This being so, the rule of respondeat superior cannot apply to such a case. However lawful the work may be, the doing of it in any manner whereby injury ensues is a trespass, for which the person who procures the work to be done is liable, irrespective of the contract under which it is done or the relations existing between him and the workmen who do the mischief.

The contrary rule, as declared in the Court of Exchequer in England, in the case of *Butler* v. *Hunter* (7 Hurlst. & N. 826), which case was cited with approval in *Cafferty* v. *Spuyten Duyvil &c. R. R. Co.* (61 N. Y. 178, 183), and applied in *Earl* v. *Beadleston* (42 N. Y. Super. Ct. 294), was repudiated by the House of Lords, and the case of *Butler* v. *Hunter* cited and disapproved in *Dalton* v. *Angus* (L. R. 6 App. Cas. 740, 829), and *Hughes* v. *Percival* (L. R. 8 App. Cas. 446).

III. It may be urged that the complaint in this case is for negligence and not for trespass. It is true that it alleges that the acts which the defendant did were "negligently and carelessly" done; but it also charges that said acts were "unlawful" and "wrongful," and that by reason of said acts the damages ensued. The acts alleged constitute a trespass, without giving them any name. Under such circumstances it is quite immaterial how many adjectives or adverbs are used to qualify them. Such words are mere

surplusage (*Eno* v. *Del Vecchio*, 6 Duer 17; *Wetmore* v. *Porter*, 92 N. Y. 80).

*Charles P. Miller*, for defendant.—I. The charge was correct on the facts of the case, and the plaintiff's exception thereto is not well taken.

The jury by their verdict have found that the alleged injuries to plaintiff's house were not the necessary consequence of defendant's improvements; they have found that the work set in motion by the defendant was of an entirely safe description, exposing the party wall to no peril, and that the injuries were due solely to the contractor's negligence in performing work of that description. These findings are not open to question on this motion. Unless, therefore, the court should have charged the jury that the defendant was liable irrespective of the hazardous or safe nature of the work on her house as affecting the party wall, the exceptions must be overruled.

It is only where the party making a change in a party wall can be held as a trespasser, that he is absolutely liable for injuries whether due to the nature of the work or the contractor's negligence in performing a work not hazardous to the party wall (*Eno* v. *Del Vecchio*, 4 Duer 53; 6 Duer 17; *Brooks* v. *Curtis*, 50 N. Y. 639).

The question in any particular case is whether the interference with the party wall as set in motion by one of the owners is safe or not; if it is not, he is liable for his contractor's acts in regard to the party wall; if it is safe, and damage is caused entirely by the carelessness of an independent contractor, he is not liable (*Earl* v. *Beadleston*, 42 N. Y. Super. Ct. 294; *Butler* v. *Hunter*, 7 Hurlst. & N. 826, questioned in *Hughes* v. *Percival*, L. R. 8 App. Cas. 443).

*Earl* v. *Beadleston* is not weakened by the fact that *Butler* v. *Hunter* (*supra*), cited in it, is questioned in *Hughes* v. *Percival* (*supra*). The latter case is entirely consistent with the principle on which *Earl* v. *Beadleston* rests, and in accordance with which the law was given to the jury in the case at bar. From beginning to end *Hughes* v. *Percival*

proceeds on the ground that the work was, in itself, hazardous to the party wall..

In *Schile* v. *Brokhahus* (80 N. Y. 614), the alleged wrongful act was tearing down a party wall. The action was brought for trespass, and having been tried on that theory, seemingly without objection, the Court of Appeals had to accept it as an action for a trespass, and exclude any question of negligence.

The complaint shows that this action was brought solely on grounds of negligence, not of trespass.

The character of the interference in this case is very different from that either in *Eno* v. *Del Vecchio*, *Brooks* v. *Curtis*, or *Schile* v. *Brokhahus*.. The principle, as laid down in Washburne on Easements, is : " Either party may use the wall for the purposes for which it was erected and designed by the nature of its construction (Washburne on Easements, 583).

II. The plaintiff's request to charge was properly denied. The request was : " That the party making a change in a party wall, where not required for purpose of repair, is absolutely liable for any damage it occasions." This request is taken from *Brooks* v. *Curtis*. If the above argument in relation to that case is correct, the request was properly denied. Separated from the context of the opinion, the request was calculated to mislead the jury. It was calculated to give them the impression that, entirely irrespective of the nature of the change (except in case of repair to the wall), the defendant was absolutely liable. As contended above, this is not the law, as laid down in *Brooks* v. *Curtis*, for the court says, in that case, "if the work is safe it must be allowed." Therefore, the court charged correctly.

LARREMORE, J.—[After stating the facts as above].— The principle is well established that either owner of a party wall may use it for the purpose for which it was erected and designed by the nature of its construction (Washburne on Easements, p. 583).

Some confusion of authority exists as to the extent to

which a party wall may be used in the improvement of premises, and the cases of *Eno* v. *Del Vecchio* (4 Duer, 53; 6 Duer, 17), *Brooks* v. *Curtis* (50 N. Y. 639), *Earl* v. *Beadleston* (42 N. Y. Super. Ct. 294), are referred to as defining the liability of the defendant.

It is urged by the counsel for the appellant that any use of the party wall by either owner except for the purpose of repair and maintenance is a trespass; and the liability for such use attaches irrespective of the question of negligence.

I do not so understand the reasoning in *Brooks* v. *Curtis*, and think it holds that in so far as an adjacent owner can use a party wall in the improvement of his own property without injury to the wall or the adjoining property there is no good reason why he should not be permitted to do so. He does it at his peril, and is liable for any damages that may result from his actions.

This was not a case where the party undermined the wall, but simply used his own portion of it for the improvement of his premises, and if such use of it was lawful in purpose (and the jury have so found), he cannot be considered a trespasser; moreover the action was brought for negligence and not for a trespass.

All the questions of fact were fairly submitted to the jury, and the request to charge as presented by the case was properly overruled.

The exceptions should be overruled and judgment ordered for the defendant on the verdict, with costs.

J. F. DALY, J.—The plaintiff excepted to the refusal of the judge to charge that the party making a change in a party wall where not required for purposes of repair is absolutely liable for any damages it occasions. He also excepted to the instruction given the jury by the judge to the effect that the defendant was only liable in case the injury to the party wall was the necessary, direct and absolute consequence of the change which had been made. That if it was not, if the work was of such a description as could have been performed with entire safety to the party

wall, having in itself no tendency to injure the wall, and the damage, if any, was caused solely by the negligence of the independent contractor Drummond in performing such work, then the defendant was not liable.

The jury by their verdict must have found that the work had no tendency to injure the wall, and could have been performed with perfect safety. The case differs therefore from *Hughes* v. *Percival* (L. R. 9 Q. B. Div. 441), relied upon by plaintiff. The rule of liability there enforced—that the defendant could not get rid of his responsibility by delegating the performance of the work to a third person—was applied because the work was hazardous in itself, as it comprised the undermining of the foundation of the opposite party wall between defendant's house and that adjoining on the south, from which floor beams ran into plaintiff's wall, and the latter was injured by the fall of the former. It was held that, the work being necessarily hazardous, the plaintiff was bound to use reasonable skill and care in the operations which exposed the party wall between his premises and plaintiff's to that risk.

For any damage resulting from a change in the party wall the person making such change is liable (*Brooks* v. *Curtis*, 50 N. Y. 639 ; *Schile* v. *Brokhahus*, 80 N. Y. 614). What is meant by a change in the party wall is illustrated by the cases cited. The height of the party wall is increased, or the foundations are altered or deepened, or the wall is taken down and rebuilt. The wall is not damaged by a change in the position of the beams unless such change necessarily affects the stability of the wall. Whether it does or not is a question of fact, and upon competent and sufficient evidence it is not error to submit the question to a jury. Where, as in this case, they find that the work was of such a description as would have been performed with entire safety to the wall, *having in itself no tendency to injure the wall*, we cannot say that the defendant was a trespasser or an insurer against negligence on the part of the independent contractor who performed the work.

The exceptions should be overruled and judgment ordered for defendant upon the verdict, with costs.

Exceptions overruled and judgment ordered for defendant, with costs.