MARY U. BERRY, Respondent, *against* LOUIS L. TODD, Appellant.

(Decided April 2d, 1888.)

Defendant owning a building, between which and the building of plaintiff there was a party wall, tore down his building for the purpose of rebuilding, leaving the party wall in a ragged condition, beam-holes appearing in some places, and the ends of beams protruding in others,

and the tin roofing being torn up where it had joined defendant's building. Plaintiff having received notice from the Buildings Bureau "to rebuild the east wall and beam-holes where required, and make the roof water-tight," without any notice to defendant made permanent repairs thereto, for the expense of which she brought this action. *Held*, that it appearing that defendant intended, in rebuilding, to erect a strengthening wall immediately against such party wall, and thus cover up and protect such wall, he was not liable for cost of permanent repairs; and want of knowledge on plaintiff's part of defendant's intention did not affect the case, she having made no effort to discover defendant's intentions, and not having notified him to protect the wall.

The statute making it the duty of one digging to a depth of more than ten feet below the curb line, to protect "party or other walls standing upon or near the boundary lines," does not apply to the foundations of a stoop, and therefore the liability for injuries to the stoop by such digging is to be determined by the rules of the common law, which do not make one digging with care on his own land liable for the fall of structures built upon the adjoining land.

APPEAL from a judgment of this court entered upon the verdict of a jury.

The action was brought to recover for the cost of repairing a roof and a party wall left in a jagged and dangerous condition by defendant after tearing down the adjoining building, and also for damages to the foundation of a stoop on the same premises, caused by defendant digging on his adjoining premises in the work of rebuilding thereon. Further facts are stated in the opinion. The jury found a verdict for plaintiff for $942. From the judgment entered thereon defendant appealed.

*J. Warren Greene*, for appellant.

*John Henry Hull*, for respondent.

VAN HOESEN, J. — In the case of *Brooks* v. *Curtis* (50 N. Y. 645), the Court of Appeals declared it to be the law of this state that the owner of a party wall may, for the purpose of improving his own premises, underpin the foundation of the wall, and sink it deeper, or may increase, within the limits of his own lot, the thickness, the length,

or the height of the wall, provided that he does no injury to the building on the adjoining lot. "Either party," said the court, "may make any use of the party wall that he may require, either by deepening the foundation, or by increasing the height, as far as such work may be done without injury to the other party; but the party making any change not required for the purpose of repair to the wall is absolutely responsible for any damage that it occasions."

In this case, it is obvious that the defendant was not attempting to repair the party wall, but "to increase its thickness, height, and length within the limits of his own lot;" and, therefore, he is absolutely liable for any damage to the adjoining premises that his work produced. He is liable even though the work were not negligently done. If he were simply repairing the party wall, he would not be liable unless negligence could be charged upon him.

But though the defendant would be liable for any damage that he did whilst extending the wall for his own benefit, it does not follow that he would be bound to reimburse the adjoining owner for unnecessary expenditures, though made in good faith, and in the mistaken belief that they were needed to save her property from injury. It appears that, in taking down the old building that stood on his lot, the defendant left the party wall in a ragged condition, beam-holes from which the beams had been removed appearing in some places, and the ends of beams that had been sawed off appearing in other places along the wall. In addition to this, the tin roofing had been torn where it had adjoined the defendant's building, and that left the attic of the plaintiff's house open to the rain on the easterly side. The plaintiff received notice from the Bureau of Buildings "to rebuild the east wall and beam-holes where required, and make the roof water tight." She employed a mechanic to do the work, and he swore that he filled in with brick and cement the places where the beams had been, that he dug out the ends of the beams that had been sawed off, that he cemented the whole surface of the wall, and cement-washed it after he had filled up the holes, and

that he rebuilt a part of the rear extension that had been torn out.

As the defendant was engaged in the work of thickening the party wall, and as it is plain that his plan was to build a wall of his own immediately against the party wall, it is obvious that the work of covering and protecting the beam-holes would necessarily have been done by him. He could not possibly have built his own wall along the easterly edge of the party wall without accomplishing the very object that the plaintiff had in view when she employed a mechanic to fill in the wall, and cement it. It is not unreasonable to infer that the solid and substantial character of the work that the defendant had to do would have been of greater service in protecting the plaintiff's house than the patching to which the mechanic resorted. After the mechanic had done his work, it was at once covered over by the brick wall that the defendant, in pursuance of his plan of construction, erected as a strengthener to the party wall. It does not appear that the plaintiff called upon the defendant to protect her easterly wall from the elements, or that she made any inquiries as to the defendant's plans, or that she endeavored to ascertain whether or not the stripping of the party wall was not one of those transitory inconveniences incident to building operations. A temporary protection against the rain might well have been put up whilst the defendant's new wall was in course of construction, but it is difficult to see why it was necessary or proper to do the work and incur the expense that the plaintiff seems to have considered proper. Certainly it is not fair for one of the owners of a party wall, in a moment of precipitancy or of panic, to go, without a word of warning, upon the property of the other owner, and, even with an honest intention of protecting his own property, make outlays, the uselessness of which is made manifest as soon as the plans of the other owner are carried into execution. If the plaintiff had taken the precaution of notifying the defendant of the exposed condition of her house, and of her intention to protect it, she would doubtless have learned that only a temporary

protection would be required. Of course there may be times of emergency when it would not be prudent to defer the erection of guards till notice to the adjoining owner had been given, and in such cases the expense of such guards should be borne by him, though he is not notified, but under ordinary circumstances notice of the necessity for the work, if not an opportunity to do the work, should be given to the person who is liable to pay the bill. Upon the facts as they were proved at the trial, I do not think that the defendant should be adjudged liable to pay for the repairs to the beam-holes in the party wall. Whether the plaintiff should recover for the repairs to the roof cannot properly be determined upon the case as presented, though upon the new trial it is probable such facts may be proved that a recovery should be allowed.

With respect to the moneys paid to Getty for underpinning the foundation of the plaintiff's stoop, I do not see how the defendant can be held liable for them. The stoop stood wholly upon the plaintiff's land, and was not a part of the party wall. It appears that care was used in making excavations upon the defendant's lot, and that there is no foundation for any charge of negligence. The statute making it the duty of one digging to a depth of more than ten feet below the curb line to protect the walls of adjoining buildings, applies only to " party or other walls standing upon or near the boundary lines." The foundation of the stoop is not, in my opinion, embraced in the words " party or other walls," and, therefore, the liability of the defendant for injuries to the stoop is to be determined by the rules of the common law, and those rules did not make one digging with care on his own land liable for the fall of structures built upon the adjoining land (*Dorrity* v. *Rapp*, 72 N. Y. 307).

As to the shoring of the party wall, it appears that the plaintiff, alarmed, doubtless, by extravagant and exaggerated statements that reached her, sent from Washington the following telegram to Getty, the defendant's builder, " Have house, 133 W. 36th Street, immediately protected from fall-

ing at my expense." At that time, there was not any danger nor any good reason to believe that the house would fall. Getty swore, " When I received this telegram, the excavation was going on, and I believe it was not down to ten feet. The earth had not been dug out close to the party wall at that time, and the wall was standing perfectly firm." The plaintiff, at that time, had no right whatever to call on the defendant to bear the expense that she saw fit to incur. If the party wall was not undermined, nor touched, and if the excavation were less than ten feet in depth below the curb line, it was the duty of the plaintiff to protect her wall at her own expense. In the absence of negligence on his part, the defendant, as long as he did not interfere with the party wall, was not liable till the excavation had passed the ten feet limit. This was the state of affairs when the plaintiff unnecessarily gave to Getty *carte blanche* to do what he thought best " to protect her house from falling." Acting upon this discretionary authority, Getty seems to have done, at the plaintiff's expense, a good deal of work that the defendant would probably have done but for the plaintiff's hasty action. There can be but little doubt that the defendant, in order to carry out his plan of thickening the party wall, would have been compelled to do many of the very things that Getty did at the plaintiff's expense. The party wall was not injured. Had the plaintiff been more deliberate, there is no reason to suppose that any injury to the wall would have occurred. Getty, who did the work, was in the employ of the plaintiff and the defendant, at the same time, and the only difference that the intervention of the plaintiff seems to have made, is, that she made herself liable. It may be that, after his employment by the plaintiff, Getty excavated to a greater depth than ten feet, but if that be the fact, the defendant is not necessarily responsible for the plaintiff's expenditure. The plaintiff's building was not injured by the excavation, and no liability under the statute has been incurred by the defendant. Of course, the common law creates no liability in consequence of the unnecessary and uncalled for precau-

tions taken by the plaintiff for the preservation of her building.

The judgment must be reversed and a new trial ordered, with costs to abide the event.

J. F. DALY, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.