Mr. Justice James
delivered the opinion of the Court:
This is a bill for a mandatory injunction. It appears that the complainant and the defendant are owners and occupants of adjoining parts of original lot 3 in square *582 numbered 630 on the map of Washington City;' that complainant had built'a residence with-a party wall resting wholly on defendant’s lot, and extending about forty feet from the front line of said lots; that afterwards, about the month of September, 1887, the defendant, beginning at the rear end of complainant’s party wall, built a party wall extending throughout the whole of the remaining length of complainant’s lot, and vesting thereon to the extent of four and one-half inches; that the defendant caused to be constructed in said wall twenty-two windows, opening from the several stories of defendant’s house upon complainant’s yard ; that the lower floor of defendant’s house is used by him as a depository of carriages appurtenant to the business of a stable, and that the complainant objected and protested against these openings at the time of their construction. He complains that these openings weaken the wall and render it unfit for use as a party wall, and that by reason of their overlooking his private yard they constitute a nuisance, He, therefore, prays that the Court shall, by its mandatory writ, enjoin the defendant from continuing thé said windows in the party wall. The first question to be considered, is whether a person could, under the building regulations existing in September, 1887, lawfully erect a party wall with windows or openings thereon overlooking the servient land.
The building regulations relating to party walls, approved by President Washington in 1791, were then in force, and contained the' following provisions:
“That the person or persons appointed by the Commissioners to superintend the buildings may enter on the land of any person to set out the foundation and regulate the walls to be built between party and party, as to the breadth and thickness thereof, which foundation shall be laid equally upon the lands of the persons between whom such party walls are to be built, and shall be of the breadth and *583 thickness determined by such person proper; and the first builder shall be reimbursed one moiety of the charge of such party-wall, or so much thereof as the next builder shall have occasion to make use .of, before such next builder shall anyways use or break .into the wall. The charge of value thereof, to be set by the person or persons so appointed by the Commissioners.” *- * *
“The building owner shall pay for one-half of an existing party wall, or for so much thereof as he shall use, whether said wall be cut or not, and the quality or measurement of wall so used shall be computed by the Inspector of Buildings, unless the parties in interest agree upon some other person or persons for such purpose. The indemnity to the adjoining owner shall be paid by the building owner, previous to cutting or in any manner using said wall at the then current price for similar work. The measuring fee shall be paid as hereinafter described and shall be paid in equal proportions by both parties to the person selected.” This servitude, imposed in invitum, is to be construed with the utmost strictness. It renders the occupation of another’s land lawful only when the wall with which it is occupied satisfies the. reason and purpose for which the easement was imposed. The servient owner is compelled to submit to the burden only on the ground that the thing imposed is, in contemplation of law, a benefit equally to him and to the dominant owner; in other words, that it at once stands ready for his enjoyment for all the purposes for which a party wall is intended to serve. These purposes include several uses. It is intended, in the first place, to serve for the support, at any point, of the beams which the servient owner may reasonably have occasion to insert in a supporting wall. This forbids the construction of openings where beams cannot be inserted and support cannot be afforded. In the next place it is intended to serve the purpose of a complete division between adjoining houses. *584 This forbids the construction of spaces in it which do not divide.
It is no answer to say that the dominant owner stands ready to fill up the openings whenever the servient owner desires to use the wall as a party wall. That very statement admits that it had not been meantime a party wall, and the servitude only renders lawful occupation by an actual party wall. The occupation meantime by what is not a party wall is not the enjoyment of an easement, but is simply a trespass. It hardly seems necessary to support this obvious limitation of the nature of a party wall by reference to decisions based upon similar statutes, but such decisions are numerous. We may refer, for example, to Sullivan vs. Graffert, 35 Iowa, 531; Ingals vs. Plamondon, 75 Ills., 118; Brooks vs. Curtis, 50 N. Y., 639; Danenhower vs. Divine, 51 Texas, 480. See, also, 16 Am. L. R, 12, note.
If a wall with windows or openings is not a party wall within the intention of the rule which imposes the servitude of such walls, and is therefore a trespass. We have to consider next that the trespass is.accompanied in this case with constant circumstances, which cause discomfort and inconvenience to the injured party in the enjoyment of the rest of his land. Windows overlooking his domestic grounds diminish the proper enjoyment of the premises and impair their value. In short, this trespass is accompanied by nuisance. The injured party is entitled therefore to a discontinuance of the injury, and he is entitled to relief in equity. An action of ejectment would be an inadequate remedy, for after recovery he would be at the cost and trouble of removing so much of the wall as stood on his land, or of filling up the openings. So, too, repeated actions of trespass would be an inadequate remedy. We repeat, therefore, that the complainant is entitled to relief in equity. He has a clear right to require that this illegal structure shall be conformed to the law authorizing party *585 walls, and this can be done only by closing these openings, and by doing so in such manner as shall render the filled up spaces suitable for support and for all the purposes contemplated by the right of joint use.' The brick work used in closing the openings should not be a mere patch, but should connect with the adjoining wall in the usual manner of a continuous wall. To this end a mandatory injunction is the proper remedy. See High on. Injunctions, secs. 332, 792, 852; Phillips vs. Boardman, 4 Allen, 147; Danenhower vs. Divine, 51 Texas, 480; Sullivan vs. Graffert, 35 Iowa, 531.
It should be added that the complainant has not lost his right by any laches, since he protested in'good season against the defendant’s proceedings.

A decree may be prepared in accordance mth this opinion.