HENRY J. NEGUS, Respondent, *v.* LOUIS W. BECKER and THOMAS MANEY, Appellants.

*Party wall — liability for damages caused by increase of height.*

One who, in building upon a party wall already in use, increases its height, does so at his peril and is absolutely responsible for any damage thereby occasioned to the adjoining building, without regard to the question of negligence on his part or that of a contractor.

When the owner of one of two adjoining lots builds an original party wall, under a contract with the owner of the other lot which requires the wall to be of sufficient strength to support a building of a certain height, and the owner of such other lot thereafter erects a building which increases the height of the party wall, but not beyond the specified height, and the wall as so increased falls, the original builder will be estopped from claiming that the wall was overweighted and that the addition made it fall for that reason; but he may recover damages from the builder of the addition when the fall of the wall was caused, not by any inherent defect, but, *e. g.*, by a severe or unusual wind.

APPEAL by the defendants, Louis W. Becker and Thomas Maney, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of Cattaraugus county on the 1st day of March, 1892, upon the verdict of a jury rendered at the Cattaraugus Circuit.

*William H. Henderson*, for the appellants.

*Hudson Ansley*, for the respondent.

LEWIS, J. :

The plaintiff and one Andrew H. Krieger owned respectively adjoining lots of land in the village of Salamanca on the 1st day of June, 1886, and on that day they entered into a written contract, Negus agreeing to erect a party wall of stone and brick upon the

line of the lots, of sufficient size and dimensions to sustain a three-story brick building.

Krieger was to pay one-half of the cost of the wall, and it thereafter was to be owned jointly by the parties as a party wall.

Negus built the wall, and Krieger paid him one-half the cost thereof as agreed.

Krieger thereafter conveyed his lot, including his interest in the party wall, to the defendants, and they thereupon proceeded to erect upon the lot a three-story brick building.

They let the contract for constructing the building to one H. O. Robinson.

Robinson carried up the party wall some fifteen to eighteen feet higher than the wall built by Negus, and while thus engaged in building the wall a severe wind storm arose which caused the wall to fall upon the plaintiff's building and seriously damaging it.

The amount of the plaintiff's damage was conceded by the defendants to be $1,156.49.

At the close of the evidence the parties asked for a direction of a verdict in their favor respectively. The court denied the defendants' motion and directed a verdict for the plaintiff for the amount of his damages, as stated.

The defendants duly excepted to the refusal of the court to grant their motion, and also to the direction of a verdict for the plaintiff.

The defendants' counsel claims that a cause of action was not made against his clients, for the reason that the wall was being built by a contractor and not by the defendants personally; that the relation of master and servant did not exist between the defendants and the contracter, and that, therefore, the contractor's negligence could not be imputed to the defendants.

This claim is made upon the assumption that the cause of action stated in the complaint is for the negligence of the defendants. We do not so understand the complaint.

The defendants' right to use the wall as they did is not questioned, but it is claimed that they built upon it at their own peril, and became responsible for any damage which its use occasioned the plaintiff, without regard to the question of negligence in the manner of doing the work, and so the rule of law is laid down in *Brooks* v. *Curtis* (50 N. Y. 639), and in *Schile* v. *Brokhahus* (80 id. 619).

Judge RAPALLO says in *Brooks* v. *Curtis* (*supra*), that either of the adjacent owners of a party wall has a right to increase the height thereof if it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the addition, but in making such addition, he does it at his peril, and if injury results, he is liable for all damages.

He must insure the safety of the operation. The party making the change is absolutely responsible for any damage which it occasions.

Our attention is called by the appellants' counsel to the clause in the contract requiring the plaintiff to build a party wall of sufficient strength to support a three-story brick building, such as the defendants were building when the wall fell, as bearing upon the right of the plaintiff to complain of the addition made to the wall by the defendants.

We do not see that this clause cuts any figure in the case, for it is conceded the wall was of ample strength to sustain the addition made to it by the defendants, and it did not fall from any inherent defects, but was blown over by a severe and unusual wind.

The contract estopped the plaintiff from making the claim that the wall was overweighted, and that the addition made to it fell for that reason, and that would seem to be the only effect of the clause mentioned.

The cause of action was established, the case was properly disposed of at the Circuit.

We find no reason for disturbing the verdict.

The judgment appealed from should be affirmed.

All concurred.

Judgment appealed from affirmed.