(75 App. Div. 321.)

### BATT v. KELLY.

(Supreme Court, Appellate Division, Second Department.   October 10, 1902.)

1. PARTY WALLS—FLUES—EASEMENT—INJUNCTION.

The owner of two adjoining lots built a brick house on one, and sold such lot to plaintiff. The west wall of the house was a party wall, the line between the lots running through the center of such wall. The flues for the house were built in this wall, and intended only for the use of such house, though they extended two inches west of the lot line. The other lot was afterwards sold to defendant, who built a

house thereon, using the party wall, and building flues for her house in the west wall thereof. Afterwards defendant cut into the flues in the party wall, and connected stoves therewith, and by such use of the flues filled plaintiff's premises with smoke. *Held,* that defendant had no easement to use such flues to the detriment of plaintiff, and such use was properly enjoined.

Appeal from special term, Kings county.

Action by Simon Batt against Aelaine Kelly. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James T. O'Neill, for appellant.
Edward Kaufmann, for respondent.

HIRSCHBERG, J.    The plaintiff is the owner and occupant of the premises No. 853 Lafayette avenue, in the borough of Brooklyn, which he purchased on or about August 20, 1891, from one Alexander McKnight, at that time the owner of the property, and also of the then vacant lot on the west, now covered by the building No. 851 Lafayette avenue. After plaintiff's purchase, Mr. McKnight erected the building No. 851 Lafayette avenue, and sold it to the defendant, the present occupant. There is a twelve-inch party wall between the two buildings, and the dividing line is through the center of the wall. Certain flues were built in this party wall at the time the plaintiff's building was erected, and it is evident from the testimony in the case that they were built for the use of that building, although they extend westerly two inches beyond the center line. When the defendant's building was erected, the chimneys and flues for the use of that building were constructed in and upon the westerly wall. The defendant has recently cut into the flues in the party wall, or into some of them, and connected stoves therewith, and by such use of these flues has filled the plaintiff's premises with smoke. The judgment appealed from enjoins this use by the defendant of the flues in the party wall.

The defendant's contention is that inasmuch as the flues, as constructed, extend two inches into her half of the party wall, she may lawfully connect with them; and the case of Daly v. Grimley, 49 How. Prac. 520, is cited in support of such contention. That was an equity term decision, and there is nothing in the case as reported which indicates anything more than a recognition of the undoubted principle that where flues are constructed in a party wall for the common use of the contiguous buildings, and accessible to either, they may be used by either. The case was decided on the authority of Brooks v. Curtis, 50 N. Y. 639, 10 Am. Rep. 545, which related only to the right of one of the common owners to increase the height of a party wall; the court holding that he could do so at his own peril, he being liable for any injury done to the adjoining property. That case was distinguished in Negus v. Becker, 143 N. Y. 303, 38 N. E. 290, 25 L. R. A. 667, 42 Am. St. Rep. 724; and the rule was enunciated that, while a party wall is intended for the mutual convenience and benefit of the adjoining property owners, its use by

either was subject to the restriction that it should not be detrimental to the other. In De Baun v. Moore, 32 App. Div. 397, 52 N. Y. Supp. 1092, the flues appear to have been built in the party wall for the use of both houses; and this court held that the defendant could not lawfully fill up the flues, which were, and had always been, in use by the plaintiff. What was said in the opinion of Mr. Justice Cullen to the effect (page 399, 32 App. Div., page 1094, 52 N. Y. Supp.) that, "under the custom prevalent in this community, the easement of a party wall extends to the maintenance of chimney flues therein," is to be read in connection only with the facts of that case, and cannot be extended so as to confer an easement upon one owner to use flues designed for the other owner, where independent provision has been made for the former, and the use would be detrimental to the latter's enjoyment of his unquestioned rights.

The deeds of the respective parties are not printed in the record, but it seems to be conceded that in the deed to the plaintiff the grantor reserved no easement in the flues then constructed, and, if that be so, the decision and reasoning in the case of Ingals v. Plamondon, 75 Ill. 118, would be applicable; but the determination of this appeal may well be rested upon the point first considered. The facts present a proper case for injunctive relief, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.